Doherty, Appellant, *v.* Adal Corporation.

Argued November 14, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Abe Lapowsky,* for appellant.

*James R. Mathewson,* for appellees.

Opinion by Mr. Justice O'Brien, January 30, 1970:

This is an appeal from the final decree of the Court of Common Pleas of Philadelphia County. Appellant mortgagor, Thomas A. Doherty, Jr., brought suit against appellees, Adal Corporation and Louis J. Megaro, to set aside a Sheriff's Sale. The appellant was the owner of the premises at 1525 South 26th Street, Philadelphia, subject to a mortgage and bond given in March, 1957, to the Savings and Loan Association of South Philadelphia. On March 1, 1966, the Association assigned the mortgage and bond to Adal Corporation. On May 10, 1966, Adal entered judgment by confession on the bond, issued execution on the judgment, and directed the Sheriff to sell the premises at a Sheriff's Sale on June 6, 1966. The property was sold at the Sheriff's Sale to Adal's attorney, who later assigned his bid to appellee Megaro, who received a deed from the Sheriff, recorded on July 22, 1966.

Appellant's ground for complaint is that the sale did not conform with the notice provisions of Philadel-

phia Local Rule 3129(f) (1) and (2) (formerly Rules 910a and 910b).[1] Primarily, this assertion is that the notice of entry of judgment and of the impending Sheriff's Sale, having been sent to the mortgaged premises by Adal, the mortgagee's assignee, rather than to

---

[1] "(1) Notice to Be Given prior to Execution upon Judgment Entered on Bond Accompanying a Mortgage.

"No execution shall issue upon a judgment entered on a bond accompanying a mortgage to condemn or sell the mortgaged premises unless the plaintiff, or some person on his behalf, shall file of record an affidavit setting forth, to the best of his knowledge, information, and belief, the name and address of the real owner or owners of the premises, and that written notice of the date of entry of said judgment, with the court, term, and number thereof, has been sent by registered or certified mail to such owner or owners and to the obligor in the bond. If the affidavit shall aver that the plaintiff, or the person making the affidavit on his behalf, does not know and has not been able to ascertain the owner or owners of the mortgaged premises or their addresses, or the names or addresses of some of them, or the whereabouts of the obligor, such an affidavit shall be a compliance with this rule as to the owner or owners and obligor whose names or addresses are unknown.

"(2) Notice to Be Given upon Any Execution for the Sale of Real Estate.

"At or after the time of the issuance of any writ of execution for the sale of any real estate, the plaintiff, or some person on his behalf, shall give written notice by personal service on, or by registered or certified mail to, the defendant in the writ and to the real owner or owners of the real estate to be sold, stating the place, date, and hour of the intended sale and the real estate to be sold, which date shall be at least ten days after the giving of such notice as aforesaid, and shall, before the date of the sale, file an affidavit in the office of the prothonotary that said notice has been given in accordance with this rule, or that the plaintiff or the person making the affidavit on his behalf does not know and has not been able to ascertain the real owner or owners of said real estate or their addresses, or the names or addresses of some of them, or the whereabouts of the defendant in the writ, in which case such an affidavit shall be a compliance with this rule as to the real owner or owners whose names or addresses are unknown, or as to the defendant in the writ whose whereabouts is unknown."

appellant's home, where the mortgagee had sent all notices, was ineffective. The court below held that Adal sent the notice to the only address it had, and that was sufficient. Although we have grave doubts that an interpretation of a rule which would allow the mortgagee's assignee to stand on a better footing than the mortgagee is valid, we need not enter upon an inquiry into the meaning of a local rule of court, a task which we are always reluctant to undertake. Cf. *McFadden v. Pennzoil Company*, 326 Pa. 277, 191 Atl. 584 (1937); *Dellacasse v. Floyd*, 332 Pa. 218, 2 A. 2d 860 (1938). But cf. *Dearnley v. Survetnick*, 360 Pa. 572, 63 A. 2d 66 (1949).

The court below quite properly pointed out that the instant proceeding is an equitable one, governed by equitable principles. *Dearnley v. Survetnick,* supra. The appellant had visited the premises every week or two, and had seen that the locks had been changed and that vast improvements were being rendered to the property beginning June 15, 1966. Yet he did not institute suit until September 9, 1966. It was surely within the power of the court to withhold relief on the basis that the appellant had unclean hands in attempting to sit back and await the completion of the improvements and then profit from the alleged failure to give proper notice.

The decree of the court below is affirmed, each party to bear own costs.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I must respectfully dissent from the majority's decision to affirm the trial court's decree. This is not, as the majority asserts, a case where we are called upon to contradict the meaning given by a local court to a local rule. The trial court found that "defendant was at no time furnished any address for plaintiff other than the mortgaged premises" and that "defendant did

not know nor have any reason to know of what was allegedly plaintiff's true address." It is clear to me from reading the local rules, as well as the trial court's opinion, that if the facts were as the trial court found, the local rule was complied with. If they were not, however, it is equally clear that the local rule was not complied with. The requirement of sending notice to the owner would have no meaning if the defendant was not required to send the notice to what he knew to be the owner's true address. Thus the question before us is whether the trial court acted properly in finding that the defendant did not know the plaintiff's true address.

I think the answer to this question is clearly no. Adal was an assignee of the Savings & Loan Association of South Philadelphia. As such, it stood in the assignor's shoes and must be held to all the assignor knew. The assignor, quite obviously, knew the plaintiff's true address; it was in their records and they had often communicated with plaintiff by sending mail to that address. Further, the premises to which the defendant sent the notices were unoccupied—and had been ever since the plaintiff purchased them some nine years before. Plaintiff, on the other hand, had been residing at the address listed on the assignor's records continuously since 1919. In this posture, the trial court was clearly in error when it concluded that the "defendant did not know or have any reason to know" plaintiff's true address. Thus there was no compliance by the defendant with the notice requirement.

When notice of a sheriff's sale has not been properly given, the sale must be set aside. See *First Federal Savings & Loan Association v. Porter*, 408 Pa. 236, 183 A. 2d 318 (1962). The majority holds, however, that the plaintiff here had "unclean hands" because he allowed the defendant to make improvements for several months before taking action. Even assuming the plain-

tiff did have unclean hands, I fail to see how this affects plaintiff's right to set the sale aside. The defendant is not without remedy. He may, in another proceeding, seek to recover the costs of improvement on a quasi-contractual basis. But the most he is entitled to is payment for improvements; he cannot keep the entire property. In effect, the majority allows this defendant to cure the defect in his title by quickly making improvements in the property. This he cannot do.

Accordingly, I would reverse the decree and grant plaintiff's motion to set aside the sheriff's sale.