Moses M. Weinstein, J.
This is an article 78 proceeding to review the determination of the respondent Board of Standards *687 and Appeals which denied petitioners’ application to reopen and reconsider the granting of a variance to the New York City Zoning Resolution on certain vacant land located in this county. Respondents move to dismiss pursuant to CPLR 7804 (subd. [f]).
On July 20, 1971, the respondent board, based on findings of practical difficulty and unnecessary hardship, granted the application to the respondent Estate of Dave Simon for a use variance on certain real property, permitting the erection thereon of a proposed six-story multiple dwelling in an R 1-2 zoning district. Petitioners alleged that the board’s findings were based to a large extent on proof that the market value of the land is $121,807, thus making it unfeasible to construct a dwelling in conformance with the restrictions of an R 1-2 zoning district. It is further alleged that some time after the board’s determination, the petitioners discovered proof that the true value of the land was only $35,000. Upon its discovery, petitioners made an application to the board to reopen its proceeding, but the application was denied on the ground that petitioners’ proof did not “ constitute substantial new evidence ”.
The respondents contend that the petitioners Douglaston Civic Association, Inc., Walter Barthold, its president, and Ralph Wuest, its vice president, do not have the requisite standing to sue as “ aggrieved ” persons within the meaning of section 668e-1.0 of the Administrative Code of the City of New York. The thrust of this contention is that the association itself does not own or have an interest in any real property in the immediate vicinity of the subject premises but is acting merely as a representative of its members who are owners of property in proximity to the subject land.
The court is cognizant of decisions holding such an organization is not a person aggrieved. (Matter of Manor Woods Assn. v. Randol, 29 A D 2d 778; Matter of Lido Beach Civic Assn. v. Board of Zoning Appeals, 13 A D 2d 1030.) These same decisions, however, have accorded standing to the individual members of the association who own real property in the immediate vicinity. (See Matter of Manor Woods Assn. v. Randol, 29 A D 2d 778, supra.)
Under circumstances where a civic association counts among its members individuals who own property in the immediate vicinity, these holdings appear to be nothing more than a strained attempt to preserve technical perfection and result in the creation of “ straw man ” litigants out of individual association members to whom befall the task of seeking a judicial solution to community problems. This destroys the very purpose *688 for which such an organization is formed. The property owners of Douglaston have looked to the association as a medium through which their common rights might be preserved equally for all. These members united to attain the political and economic power consonant with one voice speaking the thoughts and protecting the rights of many. It is their way of making themselves heard above the noise of the grinding gears of modern bureaucratic machinery.
In this day and age, there is new-found truth in the old saying “ You can’t fight city hall ”. Rather than engage in futile and quixotic duels with the powers that be, individuals have organized into groups to protect and preserve the rights of working men and criminals; to prevent discrimination because of race, creed, color or sex and even to preserve the ecological balance of planet earth. These groups, acting in a representative capacity, have waged courageous battles and won decisive victories by means of the judicial process. Why shouldn’t a civic association, organized under the laws of this State (Not-for-Profit Corporation Law) as an instrument by which the property owners of Douglaston may advance their common interest, be given the same type of recognition? It makes little sense to give life to an organization and then emasculate it by denying its right to function in the judicial process as a representative of its members.
By recognizing that the Douglaston Civic Association is acting as the agent or representative of the Douglaston property owners, this court is not ignoring the corporate form of the association but merely obviating the necessity of its members to indulge in legal fictions in order to redress wrongs common to all. Severe injustice would be done by blind adherence to decisional law holding that a corporation formed as a medium for the enjoyment of common rights of property owners owns no property itself which would benefit from the enforcement of common rights (cf. Neponsit Property Owners’ Assn. v. Emigrant Ind. Sav. Bank, 278 N. Y. 248, 262). Therefore, it is the opinion of the court that the Douglaston Civic Association has the requisite standing to seek the relief requested.
The respondents further contend that it is within the sound discretion of the board to determine whether the evidence submitted by petitioners was sufficient to warrant rehearing or reopening. While this may be so (see Matter of Hoerner v. Tormey, 24 A D 2d 597), it is still within the province of the court to determine whether this refusal to reopen was an abuse of discretion (CPLR 7803) and without the record of the pro *689 ceeding before the board, it is impossible to determine this issue. (Matter of Collins v. Behan, 285 N. Y. 187.)
Accordingly, respondents’ application is denied and respondent board shall serve and file an answer within 10 days after service of an order with notice of entry.