336 A.2d 298
**Elmer A. LUSKEY, Jr., et al.**

**v.**

**STEFFRON, INC., a corporation,
Appellant.**

Supreme Court of Pennsylvania.

Argued March 13, 1975.

Decided April 17, 1975.

Reargument Granted May 9, 1975.

Edward C. Leckey, Pittsburgh, for appellant.

Thomas R. Solomich, John F. Karns, Corbett & Kissane, Pittsburgh, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a final decree in equity which set aside a sheriff's sale in Allegheny County.

The facts surrounding this appeal are as follows. In 1967 the Luskeys (appellees) of Slippery Rock, Lawrence County, were the record owners of two vacant parcels of land located in the Fifth Ward in the City of Pittsburgh. Subsequent to 1967, appellees sold the property and took back a bond and mortgage for the purchase price of the two parcels. The purchaser of the property defaulted on

the mortgage and appellees foreclosed on the property and purchased the property at a sheriff's sale on May 15, 1970. The sheriff's deed to appellees was recorded on May 28, 1970.

Subsequent to the above sheriff's sale, a civil suit was filed against appellees by Albert B. Starr and, after hearing in which appellees participated, a judgment in the amount of $2,317.74 was entered against appellees on November 3, 1972. The judgment was not paid, and on April 4, 1973, Albert B. Starr assigned the judgment to appellant, Steffron, Inc. (Steffron). On April 10, 1973, Steffron, without notice to appellees, caused a writ of execution to issue against the property in the Fifth Ward in the City of Pittsburgh, and, pursuant to Pa.R.C.P. No. 3129, the sheriff posted handbills, advertised and sold the property at sheriff's sale. On May 3, 1973, Steffron bought the property for $1,701.27 which amount comprised costs, taxes and liened water charges. The property had been valued at $52,000 previous to the sale. Steffron recorded its sheriff's deed on November 30, 1973.

On November 13, 1973, the Luskeys entered into a sales agreement with appellee W. Anthony Dunn to sell him one of the parcels sold at the sheriff's sale. The Luskeys then learned of the sheriff's sale and brought an action to set aside the sale, and W. Anthony Dunn was permitted to intervene and adopt the Luskeys' complaint.

The complaint alleged, *inter alia,* that the sale to Steffron should be set aside because the Luskeys received no personal notice of the proposed sheriff's sale on May 3, 1973, at which time the property was bought by Steffron. The chancellor, after hearing argument on Steffron's motion for judgment on the pleadings filed by Steffron, granted the Luskeys relief, holding that the sheriff's sale to Steffron was null and void for lack of personal notice to the Luskeys. This appeal followed.

The thrust of appellees' and the chancellor's position is that Pa.R.C.P. No. 3129, which provides:

"(a) Notice of the sale of real property shall be given by the sheriff by handbills posted in the sheriff's office, and upon the property at least ten (10) days prior to sale, briefly describing the property to be sold, its location, the improvements, if any, the judgment of the court on which sale is being held, the name of the owner or reputed owner and the time and place of sale.

"(b) Notice as provided in Subdivision (a) shall also be given by publication by the sheriff once a week for three (3) successive weeks in a newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one (21) days before the date of sale."

denies due process of law in that it does not provide for personal notice to the owner of real estate that is the subject of a sheriff's sale. We agree with that determination. In our opinion, the provisions for notice in Pa. R.C.P. No. 3129 does not satisfy the due process clause of the United States Constitution. The rule provides that the only notice that need be given to a record owner of real estate subject to a sheriff's sale is the posting of handbills and notice in the newspaper of the county wherein the property is located. While this type of notice may have been sufficient in the time when the owners of real estate either resided on their real estate or lived in close proximity to it, such is not the situation today. In today's urban society, the owners of real estate often live far removed from the area wherein their property is situated. To expect a record owner to visit his property periodically to check for sheriff's handbills or to read the newspaper of the district where his property is located is to accept the common-law presumption that an owner of real estate visits his property every thirty days; such is not the case in today's society.

We therefore conclude that the notice provision of Pa. R.C.P. No. 3129 does not satisfy due process of law. Cf. *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L.Ed. 865 (1950), cf. *S & G Investment Inc. v. Home Federal Sav. & L. Ass'n*, 505 F.2d 370 (D.C. Cir. 1974). See also *Doherty v. Adal Corporation*, 437 Pa. 109, 261 A.2d 311 (1970).[1]

Decree affirmed. Each party to bear own costs.

ROBERTS, J., took no part in the consideration or decision of this case.

1.  See Philadelphia Local Rule 3129*.