366 A.2d 223

**Elmer A. LUSKEY, Jr., and Rose Marie Luskey, his wife, and W. Anthony Dunn, Intervenor,**

v.

**STEFFRON, INC., Appellant.**

Supreme Court of Pennsylvania.

Reargued June 23, 1975.

Decided Nov. 24, 1976.

Edward C. Leckey, Pittsburgh, for appellant.

Thomas M. Solomich, John H. Corbett, Jr., John F. Karns, Karns, Corbett & Kissane, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a final decree in equity which set aside a sheriff's sale in Allegheny County.

The facts surrounding this appeal are as follows. In 1967 the Luskeys (appellees) of Slippery Rock, Lawrence County, were the record owners of two vacant parcels of land located in the Fifth Ward in the City of Pittsburgh. Subsequent to 1967, appellees sold the property and took back a bond and mortgage for the purchase price of the two parcels. The purchaser of the property defaulted on the mortgage and appellees foreclosed on the property and purchased the property at a sheriff's sale on May 15, 1970. The sheriff's deed to appellees was recorded on May 28, 1970.

Subsequent to the above sheriff's sale, a civil suit was filed against appellees by Albert B. Starr and, after hearing in which appellees participated, a judgment in the amount of $2,317.74 was entered against appellees on November 3, 1972. The judgment was not paid, and on April 4, 1973, Albert B. Starr assigned the judgment to appellant, Steffron, Inc. (Steffron). On April 10, 1973, Steffron, without notice to appellees, caused a writ of execution to issue against the property in the Fifth Ward

in the City of Pittsburgh, and, pursuant to Pa.R.C.P. No. 3129, the sheriff posted handbills, advertised and sold the property at sheriff's sale. On May 3, 1973, Steffron bought the property for $1,701.27, which amount comprised costs, taxes and liened water charges. The property had been valued at $52,000 previous to the sale. Steffron recorded its sheriff's deed on November 30, 1973.

On November 13, 1973 the Luskeys entered into a sales agreement with appellee W. Anthony Dunn to sell him one of the parcels sold at the sheriff's sale. The Luskeys then learned of the sheriff's sale and brought an action to set aside the sale, and W. Anthony Dunn was permitted to intervene and adopt the Luskeys' complaint.

The complaint alleged, *inter alia,* that the sale to Steffron should be set aside because the Luskeys received no personal notice of the proposed sheriff's sale on May 3, 1973, at which time the property was bought by Steffron. The chancellor, after hearing argument on Steffron's motion for judgment on the pleadings granted the Luskeys relief, holding that the sheriff's sale to Steffron was invalid for lack of personal notice to the Luskeys.

On April 17, 1975, this court, in *Luskey v. Steffron No. 1,* 461 Pa. 305, 336 A.2d 298 (1975), declared Pa.R. C.P. 3129 violative of the due process clause of the United States Constitution in failing to provide personal notice to the owner of real estate that was the subject of a sheriff's sale. On May 9, 1975, this court granted reargument in the instant case for the purpose of determining the effective date of *Luskey No. 1.*

Prior to *Luskey No. 1,* this court and federal courts have found that notice by publication was adequate notice and comported with due process. See *Endicott Co. v. Encyclopedia Press,* 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924). Municipalities and purchasers have relied on such prior decisions and it would be manifestly unjust

to negate clear titles to real estate purchased in good faith at sheriff's sales, based on prior notice provisions, given such reliances.

However, as of April 17, 1975, the date of *Luskey No. 1*, notice was given to municipalities, courts and the legal profession that notice by publication in sheriff's sales was no longer constitutional. Therefore, we are of the opinion that *Luskey No. 1* is applicable to all sheriff's sales initiated after April 17, 1975.[1] See *Swarb v. Lennox*, 314 F.Supp. 1091 (E.D.Pa.1970) and *Gt. Northern Ry. v. Sunburst Co.*, 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932). See also 84 Yale L.J. 1505 (1975).

Decree affirmed. Each party to bear own costs.

ROBERTS, J., filed a concurring opinion in which MANDERINO, J., joined.

ROBERTS, Justice (concurring).

I agree with the majority that our decision in *Luskey v. Steffron, Inc.*, 461 Pa. 305, 336 A.2d 298 (1975), should be applied to all sheriff's sales initiated after April 17, 1975, the date of our original opinion. I also believe, however, that the same standards should apply to cases raising the inadequacy of notice which were pending and not finally litigated on April 17, 1975. Where the validity of a sheriff's sale was already in litigation it cannot be said that application of contemporary standards of due process would unreasonably cast a cloud on property titles. Moreover, application of our decision to cases pending on April 17, 1975, will ensure that individuals similarly situated to the Luskeys will be treated equally.

MANDERINO, J., joins in this concurring opinion.

1. On November 6, 1975, this court amended Pa.R.C.P. 3129 to conform with the mandate of *Luskey No. 1*. See Comment to Pa.R.C.P. 3129.