OPINION OF THE COURT
Frederick D. Dugan, J.
Plaintiff is a not-for-profit corporation organized under the laws of the State of New York. Its members are owners of real property in a subdivision on Seneca Lake in the Town of Starkey, Yates County, New York. Defendants are owners of two lots located in that subdivision.
The certificate of incorporation of plaintiff contemplates as its purpose, inter alia, "to implement and enforce deed restrictions and adopted regulations”, "to provide and care for improvements and maintenance of roads, paths, facilities for members” and "generally do all things necessary to promote the general welfare of the residences of the Starkey Point Subdivision”.
The deeds to parcels in the subdivision, including defendants’ lots, are subject to a covenant that the owners of the several parcels of land are to contribute ratably with all other lot owners to the annual maintenance, renovation or reconstruction costs of certain roads in the subdivision.
Plaintiff’s complaint alleges two causes of action against the defendants; one claim based on their failure to pay assessments for four years (1974-1977) on a parcel owned by them and the other claim for five years (1969, 1973-1976) on the failure of defendants and their grantors to pay assessments on another parcel.
This suit was originally brought in Supreme Court and transferred to County Court on the Supreme Court’s determination that damages here sought were less than $10,000. *379 (Midtown Commercial Corp. v Kelner, 29 AD2d 349.) Prudently, plaintiff seeks a determination that this County Court has subject matter jurisdiction in an action to enforce this covenant which prays for money damages and seeks a lien to secure the payment of such damages.
Even were this suit to contemplate elements of equitable relief, the provisions of section 190 of the Judiciary Law specifying County Court jurisdiction in actions for specific performance of realty contracts and for reformation or recission of a deed, contract or mortgage affecting real property situate in the county clearly indicates this court’s equitable jurisdiction. This action to enforce a deed covenant seeking damages and a lien for such damages is within the jurisdiction of this County Court.
Defendants move to dismiss plaintiff’s two causes of action on the ground that the corporate plaintiff has no standing to sue for this relief. (CPLR 3211, subd [a], par 3.)
Defendants urge that since the corporate plaintiff is not the legal or equitable owner of any real property in the subdivision, it can claim no benefit from the covenant and consequently, has no right to enforce it.
Covenants which "run with the land” bind not only the immediate grantee but any subsequent grantees in the chain of title.
For a covenant to run with the land it must satisfy three requirements: (1) the original grantor and grantee intended that the covenant run with the land, (2) there is privity of estate between the party claiming the benefit of the covenant and the party upon whom the burden of the covenant is to be imposed, and (3) the covenant touches and concerns the land with which it runs.
Here the covenant shows a clear intention by the original grantor and grantee that the covenant was to run with the land and was meant to bind successive grantees. A covenant to pay annual assessments for the upkeep and maintenance of common areas does touch and concern the land with which it runs. (Neponsit Prop. Owners’ Assn. v Emigrant Ind. Sav. Bank, 278 NY 248, 254-260.)
Defendants’ motion to dismiss focuses on the requirement of "privity of estate”; that requirement of a successive relationship or ongoing mutuality between the successors in interest of the original grantor and grantee.
*380 In Neponsit (supra), the Court of Appeals recognized a property owners’ association standing to sue for enforcement of a covenant similar to the one now under consideration. Defendants there argued unsuccessfully that there was no "privity of estate” between the plaintiff property owners’ association and the defendant, against whom enforcement was sought.
Defendants seek to distinguish this case from Neponsit. The deed in Neponsit expressly contemplated enforcement of the covenant by a property owners’ association "which may hereafter be organized”. Here the deed states, in part: "It is understood and agreed that such lot can only be conveyed hereafter subject to said covenants and restrictions as above mentioned; but such covenants and restrictions are common to all lots in said development and if second parties or persons claiming under them shall void or attempt to void or fail to perform or observe said conditions and restrictions, it shall be lawful for any person with legal or equitable ownership in or derived through [the original grantor] to institute and prosecute appropriate proceedings at law or in equity for the wrong done or attempted.”
A provision that owners in a subdivision must become and remain members of an association for maintenance of recreational facilities was itself held to be an enforceable covenant running with the land. (Lincolnshire Civic Assn. v Beach, 46 AD2d 596.)
Indeed, the Court of Appeals has recognized the standing of a representative association to assert the rights of individual members which might be affected by determinations of a zoning board. (Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1.) A court should be satisfied that such an organization before it is an appropriate one to act as the representative of the group whose rights it is asserting and ought to consider factors such as the capacity of the organization to assume an adversary position, whether its size and composition reflects a position fairly representative of the community or interest which it seeks to protect, the adverse effect of the decision sought to be reviewed on the group represented and determine that full participating membership is open to all residents and property owners in the neighborhood. (36 NY2d 1, at p 7.)
Consideration of these factors here sustains the finding that this plaintiff has a substantial identification with the successors in interest of the original grantor and grantees, though *381 granted it does not meet the technical requirements of privity of estate.
The failure of this deed to specifically name the plaintiff corporation or to provide for prospective creation of it should not be controlling.
The stated goals of this corporation include the enforcement of the covenants in question. "It makes little sense to give life to an organization and then emasculate it by denying its right to function in the judicial process as a representative of its members.” (Matter of Douglaston Civic Assn. v Galvin, 69 Misc 2d 686, 688, revd 43 AD2d 739, affd 36 NY2d 1, supra.)
The Court of Appeals conclusion in Neponsit is equally applicable here, "the covenant is a restrictive covenant which touches and concerns the defendant’s land, and in substance, if not in form, there is privity of estate between the plaintiff and the defendant.” (Neponsit Prop. Owners’ Assn. v Emigrant Ind. Sav. Bank, 278 NY 248, 262, supra.)
A contrary holding might be circumvented by simply conveying a legal or equitable interest in the subdivision or one of its parcels to the plaintiff corporation to comply with the technical tests of privity, really not altering the corporation nor lending any additional significance to its true interest in this suit.
Equally so, denial of plaintiffs standing here might shift the burden of enforcing the covenant by the same suit brought by one or two of the subdivision owners, possibly with a subsequent application for intervention as of right or by permission by this very corporate plaintiff (CPLR 1012, 1013), all resulting in an undesirable multiplicity of suits and motions.
It is held that this corporate plaintiff has a substantial identification with owners of real property in the subdivision through its members and as an appropriate representative of the owners and the property to be benefited by this covenant that runs with the land, it has standing to bring this action for enforcement of the covenant.
Defendants’ motion to dismiss is denied.