**Casey v. Casey**

*Ronald D. Ecker,* for plaintiff.
*Florie Goldhammer,* for defendant.

STRASSBURGER, *J.,* November 19, 1980—On August 7, 1980 plaintiff, Eugene R. Casey, filed a complaint in divorce against his wife, Alvaretta R. Casey, pursuant to section 201(d) of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §201(d), providing that a divorce may be granted where the parties have lived separate and apart for three years and the marriage is irretrievably broken. On the same date plaintiff filed an affidavit alleging that the parties had lived separate and apart for at least three years.

On September 18, 1980 defendant filed an answer and petition for related claims pursuant to the Divorce Code. The answer admitted the essential averments of the complaint, including the averment that the marriage was irretrievably broken. The petition sought alimony, both pendente lite and permanent, counsel fees, costs and expenses, and equitable distribution. No response was filed to the affidavit.

A decree in divorce was signed on October 8, 1980.[1] The decree provided, inter alia: "The Court hereby retains jurisdiction of any claims raised by the parties to this action for which a final order has not yet been entered."

Defendant has presented a motion to vacate and set aside decree in divorce.[2] It raises a number of

1. The signing of the decree apparently was in technical violation of section IV(B) of the administrative order of September 23, 1980, signed by Judge Wettick. That provision requires a "court notice" to be sent where defendant has not denied the allegations set forth in a section 201(d) affidavit within 20 days of service of the affidavit. The order clearly contemplated the situation of defendant, without counsel, in danger of losing rights to alimony and property. It obviously was not intended to be applied where defendant has, through counsel, filed an answer and petition for related claims. In any event, defendant's counsel, at the argument on the instant motion, admitted that a separation in excess of three years existed, thus buttressing the deemed admission by virtue of the failure to deny under Pa.R.C.P. 1920.14(b).

2. There is some question whether this court at this time has any jurisdiction to vacate the divorce decree. While this opinion was in the process of preparation, defendant appealed from the decree of October 8, 1980. That decree was amended by a decree dated November 6, 1980, which converted a support order to alimony pendente lite, vacated the assessment of costs against defendant and stated: "Decisions on the other matters raised in Defendant's Motion to Vacate deferred to a later date." Pa.R.A.P. 1701 sets forth in subsection (a) the general rule that a trial court is without power to proceed after an appeal has been filed, subject to certain exceptions enumerated in subsection (b). Subsection (b)(3) deals with reconsideration:

"(b) Authority of lower court or agency after appeal.— After an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may: . . . (3) Grant reconsideration of the order which is the subject of the appeal or petition, if: (i) an application for reconsideration of the order is

issues, only one of which need detain us here.[3] Defendant contends that the court erred in granting a divorce prior to disposing of the related claims raised by her petition. The court disagrees.

Defendant recognizes that her position is directly contrary to Pa.R.C.P. 1920.52(c) which provides: "The court need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims." She argues that the rule is incon-

---

filed in the lower court or other government unit within the time provided or prescribed by law; and (ii) an order expressly granting reconsideration of such prior order is filed in the lower court or other government unit within the time prescribed by these rules for the filing of a notice of appeal, petition for allowance of appeal or petition for review of a quasijudicial order with respect to such prior order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

"A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for allowance of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order, and the clerk of any court in which such an inoperative notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for allowance of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the lower court or other government unit."

It would appear that the language quoted from the order of November 6, 1980 is an order expressly granting reconsideration. Alternatively, it could be considered that a new 30 day period began to run with the November 6, 1980 order.

In any event, the issue is mooted by this court's determination on the merits of defendant's motion.

3. The other issues were resolved at the oral argument by agreement of counsel.

sistent with the Divorce Code of 1980, section 401(b), and therefore the rule must fall. Section 401(b) provides:

"(b) Any decree granting a divorce or an annulment, shall include after a full hearing, where these matters are raised in the complaint, the answer or other petition, an order or orders determining and disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and other related matters including the enforcement of separation agreements voluntarily entered into between the parties. In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers, including but not limited to, the power of contempt and the power to attach wages. In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment. The county may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition, the court may award costs to the party in whose favor the order or decree shall be entered, or may order that each party shall pay his or her own costs, or may order that costs be divided equitably as it shall appear just and reasonable."

The court cannot accept defendant's position for at least two reasons.[4] In the first place, a statute

4. It has been argued that a court of common pleas has no authority to invalidate a rule promulgated by the Supreme Court of Pennsylvania: Laudenberger v. Port Authority of Allegheny County, 128 Pitts.L.J. 319, 328 (1980) (concurring and dissenting opinion, Wekselman, J.). The majority of the

prevails over a rule only where the rule attempts to deal with substantive rights. Pa. Const., Art. V, § 10(c), gives the Supreme Court plenary power over procedure:

"The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, . . . if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. *All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.*" (Emphasis supplied.) See, to like effect, 42 Pa.C.S.A. § 1722(a)(1).

The order in which issues in a divorce case should be tried is a matter of procedure, rather than a matter affecting substantive rights. See, generally, 1A Moore's Federal Practice, ¶0.317[8].

Second, this court is unable to perceive any conflict between the statute and the rule. Section 401(b) of the Divorce Code permits the court to issue "an order *or orders* determining and disposing

---

Laudenberger court held that the court of common pleas did have the power to invalidate such a rule, and in fact, did so. Moreover, in Luskey v. Steffson, Inc., 461 Pa. 305, 336 A. 2d 298 (1975), the court affirmed a decree by Judge Silvestri of this court in which former Pa.R.C.P. 3129 was invalidated. See, also, Templeton Appeal, 399 Pa. 10, 159 A. 2d 725 (1960).

In issuing a rule, the Supreme Court acts in an administrative as opposed to an adjudicative capacity, and acts without the benefit of briefs or argument. This court is of the opinion that, while a rule promulgated by the Supreme Court must of necessity be given great deference, a court of common pleas is not without power to consider its validity.

of [the various matters in dispute]." (Emphasis supplied.) This obviously contemplates that a single order in some cases will not suffice. Moreover, that subsection specifically provides that, if the court cannot determine and dispose of all the ancillary matters within 30 days of the filing of the master's report, it may enter the divorce decree. While no master has been appointed in this case, this is a clear legislative determination to place Pennsylvania with the many jurisdictions that have allowed these cases to be bifurcated. See, e.g., Ill. Rev. Stat., ch. 40, ¶403(e); N.Y. Dom. Rel. §§236, 240 (McKinney's). Any other result would fail to comply with the legislative objectives set forth in sections 102(a)(1), (3), and (4) of the code which provide:

"(a) The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to: (1) Make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience. . . . (3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs. (4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage."

These goals can be accomplished only by the prompt dissolution of a marriage that is demonstrably over (as defined by the code), and allowing the parties to restructure their lives. The goals cannot be accomplished by tying the parties to a dead marriage while all of the complex and time-consuming financial details are litigated.

The Washington Court of Appeals has recently rejected a contention, like defendant's, that bifurcation is impermissible. Quoting from a California Supreme Court case, the court held:

". . . In Hull v. Superior Court, 352 P. 2d 161, 5 Cal. Rptr. 1 (1960), the California Supreme Court commented that: 'Severance of a personal relationship which the law has found to be unworkable and, as a result, injurious to the public welfare is not dependent upon final settlement of property disputes. Society will be little concerned if the parties engage in property litigation of however long duration; it will be much concerned if two people are forced to remain legally bound to one another when this status can do nothing but engender additional bitterness and unhappiness.' This observation is consistent with the policy underlying our dissolution statutes." Hermsen v. Hermsen, 6 F.L.R. 2935, 2936 (Wash. Ct. App. 1980).

Likewise, the statement is consistent with Pennsylvania policy. Defendant's motion to vacate and set aside decree in divorce will be denied.