424 A.2d 943

INDIAN MOUNTAIN LAKE CIVIC ASSOCIATION, Appellant,

v.

William F. COYLE and Carol Coyle, Husband and Wife.

Superior Court of Pennsylvania.

Argued June 11, 1980.

Filed Jan. 16, 1981.

William H. Robinson, Jr., Stroudsburg, for appellant.

Michael L. Ozalas, Jim Thorpe, for appellees.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

HESTER, Judge:

Presently before the court is appellant Indian Mountain Lake Civic Association's appeal from the order of the lower court dated September 6, 1979 wherein appellees' Preliminary Objections in the nature of Demurrer to appellant's Amended Complaint were sustained and appellant's Amended Complaint thereby dismissed.

We reverse and remand.

The gravamen of appellees' demurrer is that appellant is not the real party in interest pursuant to Pennsylvania Rules of Civil Procedure 2002(a), which provides that "all actions shall be prosecuted by and in the name of the real party in interest." The lower court agreed with the appellees and thus granted appellees' demurrer and dismissed appellant's Amended Complaint.

We disagree.

Appellant's Amended Complaint in assumpsit alleges that it is a non-profit cooperation organized and existing under the laws of the Commonwealth of Pennsylvania; that the appellees are the owners of Lots 101, 102 and 103 located at Indian Mountain Lakes, Carbon County, Pennsylvania, the appellees deriving their ownership of said lots by deed from the developer of Indian Mountain Lakes, Indian Mountain Lake Development Corporation.

All of the three deeds contain a covenant which runs with the land which requires the payment of annual dues and/or assessments to the association of property owners in order that the common facilities and roads serving the Indian Mountain Lake community may be properly maintained. The covenant contained in said deed provides:

> "An Association of property owners is to be formed by or with the approval of the Seller and designated by such name as may be deemed appropriate, and (when formed) the Purchaser covenants and agrees that he, his executors or assigns, shall be subject to the payment of annual dues and assessments in compliance with by-laws, rules and regulations to be promulgated by the property owners Association."

In its Amended Complaint, the appellant alleges that the appellees paid their dues from July 1, 1973 to June 30, 1975, but have failed to pay their dues, although properly billed and notified to do so, for the fiscal year 1975 through the time of the filing of said law suit. Further contained in said Amended Complaint is an allegation that the appellees are members of the appellant association by virtue of the deed covenant above quoted and the fact that they voluntarily paid their dues from 1973 to 1975. Also contained in said Amended Complaint is an allegation that the appellees have a duty in common with all other property owners in the Indian Mountain Lake Development to share ratably the expense of maintaining the common facilities and roads serving the community and that all monies collected pursuant to said dues structure are used exclusively for the

above-mentioned purposes. Finally, appellant alleges that as a result of its maintenance of the common facilities and roads, the fair market value of appellees' undeveloped lots have appreciated substantially.

■ It is hornbook law that on a demurrer, all well-pleaded facts contained in a complaint (in this case an Amended Complaint), and all inferences fairly deductible and flowing therefrom, are deemed admitted.

■ The expansive definition of "Corporation" as found in Pennsylvania Rules of Civil Procedure 2176 is intended to include domestic and foreign corporations, *non-profit* as well as those organized for profit, and those incorporated by special Act of Assembly. Thus there can be no legitimate objection to the fact that the instant lawsuit was brought by appellant in its capacity as a non-profit corporation.

■ On the face of the Amended Complaint, did the lower court rightfully conclude that the appellant was not the real party in interest? We think not.

"[T]he true definition appears to be that the real party in interest of a given chose in action is the person who can discharge it and can control an action brought to enforce it." Goodrich-Amram 2d, Procedural Rules Service with Forms, Vol. 6, § 2002(a):3 p. 12–13; see also *Smiler v. Toll*, 373 Pa. 127, 94 A.2d 764 (1953).

Does appellant's Amended Complaint set forth with the requisite specificity that it has *the present ability* to discharge appellees' annual dues and assessment liabilities and to control the action brought to recover same? We believe that it does.

The deed covenant above quoted which runs with the land, obligates the appellees for the "payment of annual dues and assessments in compliance with by-laws, rules and regulations to be promulgated by the property owners association." Moreover, a reasonable inference may be drawn from a reading of paragraphs 5 and 6 of appellant's Amended Complaint that it [Indian Mountain Lake Civic Association] is the entity which was formed "by or with the approval of

the seller" to establish by-laws, rules and regulations and consistent therewith, retain the power to enforce same by possessing the present ability to discharge the enumerated liabilities of the members of its association.

The lower court's conclusion that appellant is not the real party in interest because its Amended Complaint fails to specifically allege either an "assignment" of a power of attorney from the development corporation to appellant indicating that appellant possesses full authority to initiate or control an action to enforce the above-quoted deed covenant, or an actual conveyance from the development corporation to the appellant of "all roads, lakes, recreational areas, and other community facilities" is unfounded when viewed in light of the pleadings which were then before it, to-wit, appellant's Amended Complaint and appellees' Preliminary Objections thereto. The fact that the appellant in its Amended Complaint fails to allege ownership, but only maintenance of the roads and common areas, does not on its face necessarily oust it of the present ability to discharge appellees' annual dues and assessment liabilities and/or to control the action to recover same.

The case of *Indian Mountain Lake Civic Assn., Inc. v. Davidson*, 6 Carbon Co.L.J. 298 (Pa. Carbon Co. 1978), affirmed, 272 Pa.Super. 621, 422 A.2d 698 (1979, per curiam), is not dispositive of the instant controversy for the reason that in *Davidson* (supra) the Home Owners Association attempted to enforce a *building restriction*, the enforcement of same having *been retained exclusively by the developer* in one of the deed covenants. However, to the extent that *Davidson* (supra) is inconsistent with the within opinion, we declare *Davidson* (supra) overruled.

We feel that the absence of an assignment of a power of attorney by the development corporation, in effect specifically delegating to the lot Owners Association, the right to enforce an annual dues and assessment covenant running with the land, is not a *critical* factor in determining if a lot owners association is a real party in interest. (contra, *Holiday Pocono Civic Association, Inc. v. Benick*, 6 Carbon Co.L.J. 278, 7 D. & C.3d 378 (1978).

We are more persuaded by the "substance over form" reasoning found in *Raintree Corp. v. Rowe*, 38 N.C.App. 664, 248 S.E.2d 904 (1978), and *Starkey Point Property Owners' Association, Inc. v. Wilson*, 96 Misc.2d 377, 409 N.Y.S.2d 376 (Yates County Court 1978). In *Raintree* (supra), the court stated:

The second assignment of error raises the question of the real party in interest as to the maintenance assessment. The Declaration of Covenants, Conditions and Restrictions, introduced in evidence as an exhibit, provides that annual assessments for maintenance are to be paid to Association (The Homeowners Association). The bylaws of Association also provide that annual assessments for maintenance are to be paid to it. Therefore, the Raintree Corporation (the assignee development corporation) is not the proper party to bring this action to collect maintenance assessments. We affirm the trial court's decision that the Raintree Corporation is not the real party in interest to collect the maintenance assessments.

In upholding a lot owners association's standing to enforce a covenant running with the land despite apparent technical defects, the court in *Starkey* (supra) opined:

A court should be satisfied that such an organization before it is an appropriate one to act as the representative of the group whose rights it is asserting and ought to consider factors such as the capacity of the organization to assume an adversary position, whether its size and composition reflects a position fairly representative of the community or interest which it seeks to protect, the adverse effect of the decision sought to be reviewed on the group represented and determine that full participating membership is open to all residents and property owners in the neighborhood. . . .

It is to be held that this corporate plaintiff has a substantial identification with owners of real property in the subdivision through its members and as an appropriate representative of the owners and the property to be benefited by this covenant that runs with the land, it has

standing to bring this action for enforcement of the covenant. (96 Misc.2d pgs. 380–381, 409 N.Y.S.2d 376).

Reversed and remanded with instructions that appellees file a timely responsive pleading to appellant's Amended Complaint in accordance with the within Opinion.

Reversed and remanded.