442 A.2d 788

KELSEY-BARBER CORPORATION

v.

Jeffrey T. CAMPBELL, Geraldine Campbell, Charles P. Curcio, Philomena M. Curcio.

Appeal of Philomena M. CURCIO.

Superior Court of Pennsylvania.

Argued Jan. 20, 1981.

Filed March 12, 1982.

Maurino J. Rossanese, Norristown, for appellant.

Marc S. Weisberg, Philadelphia, for appellee.

Before HESTER, POPOVICH and DiSALLE, JJ.

HESTER, Judge:

Presently before the court is appellant's appeal from the order of the lower court dated April 18, 1980, dismissing her Petition to Set Aside Sheriff's Sale.

On December 17, 1975, the residence owned by appellant Philomena M. Curcio known as 562 Gibson Avenue,[1] Abington Township, Pennsylvania was sold at Sheriff's Sale to Raymond Biddle for the purchase price of $2,500.00. Said sale was also subject to a then existing mortgage in the amount of $9,500.00.

On May 14, 1976, appellant filed a Petition to Set Aside the Sheriff's Sale, alleging that she never received notice of the Sheriff's Sale until her mortgagee bank notified her of same approximately four (4) months later, when it refused to accept her monthly mortgage payment. Following a deposition, the court ordered the sale set aside from which the Sheriff's vendee, the appellee herein, appealed. The Superior Court remanded the case to the lower court on December 28, 1977 for further proceedings. See *Kelsey-Barber Corporation v. Campbell, et al.*, 252 Pa.Super. 321, 381 A.2d 938 (1977).

Pursuant to the Superior Court's remand, an evidentiary hearing was held on February 1, 1980, at which time testimony was taken. On April 18, 1980, the lower court dismissed appellant's Petition to Set Aside the Sheriff's Sale. It is from this Order that the instant appeal has been taken.[2]

We affirm the order of the lower court.

The issue presently before us is whether the lower court committed a manifest abuse of discretion or an error of law when it entered its April 18, 1980 Order dismissing appellant's Petition to Set Aside Sheriff's Sale. We believe that the record supports the action of the lower court.

■ The threshold issue before us is whether the lower court properly ruled that the notification procedures em-

1. Originally there was ambiguity concerning appellant's address. Originally said property was designated as 920 Gibson Avenue; however, at some point in time, the address was changed from 920 to 562 Gibson Avenue. In 1968, a Deed was recorded from the appellant and her husband to appellant alone, thus explaining why appellant Philomena M. Curcio is going this appeal alone.

2. On February 2, 1981, we dismissed appellee's Motion to Quash the instant appeal for appellant's failure to post bond.

ployed by the appellee in apprising the appellant of the pendency of the Sheriff's Sale were constitutionally adequate so as not to deny the appellant due process of law. Were the notification procedures employed by the appellee as the record demonstrates, sufficient to apprise the interested parties, specifically the appellant herein, of the Sheriff's Sale? We concur with the lower court that they were sufficient.

The chronology of certain events complicates the resolution of the present appeal. The Writ of Execution issued on September 11, 1975, subsequent to *Luskey v. Steffron, Inc.*, 461 Pa. 305, 336 A.2d 298 (1975) (Luskey No. 1), which held that former Pennsylvania Rule of Civil Procedure No. 3129 contained a constitutionally inadequate notice procedure and, denied the judgment debtor due process of law. On reargument, our Supreme Court in *Luskey v. Steffron, Inc.*, 469 Pa. 377, 366 A.2d 223 (1976) (Luskey No. 2) held that Luskey No. 1 is applicable to all Sheriff's Sales initiated after April 17, 1975.

Thereafter, Rule 3129, as we know it today, was amended; the effective date of amended 3129 being November 6, 1975. See *Luskey No. 2*. Hence, the Writ of Execution in this case which issued on September 11, 1975 occurred during the hiatus between April 17, 1975, the effective date of Luskey No. 1 which declared former Pa.R.C.P. 3129 constitutionally infirm and the effective date of the amended Rule 3129 (November 6, 1975). Therefore, since there was no applicable rule then in effect, in order to evaluate the sufficiency of the judgment creditor's notice of the impending Sheriff's Sale in the instant case, we must evaluate the sufficiency of the Notice actually given *without* the guidance of a statewide rule of procedure. See *Kelsey-Barber Corporation v. Campbell, et al.*, (supra) (1977).

This court in its *Kelsey-Barber* remand opinion at 943 (supra) directed:

Because we believe the lower court had an inadequate basis for reaching its conclusion, we remand this case for a clarification and completion of the record. Specifically,

the lower court should make findings as to the form and date of the notice sent and the information contained therein. Further, the introduction of confirmatory evidence in the form of return receipts and copies of written notices, publications, and/or handbills, if available, should be entered into the record.

Pursuant to said remand order, the lower court convened an evidentiary hearing for the purpose of determining whether there were sufficient measures taken by the appellee herein to satisfy the due process standards of notification in compliance with the United States Supreme Court's directives found in *Mullane v. Central Hanover Bank and Trust Company*, 339 U.S. 306 at 314, 70 S.Ct. 652 at 657, 94 L.Ed. 865 (1950) to the effect that a fundamental requirement of due process is "notice reasonably calculated under all of the circumstances to apprise interested parties of the pendency of the action."

We agree with the lower court that the record in the instant case clearly demonstrates that there were more than sufficient measures taken by appellee to advise the appellant of the pendency of the Sheriff's Sale so as to satisfy the due process standards of notification or ... "notice reasonably calculated under all of the circumstances to apprise interested parties of the pendency of the action."

The lower court's Findings of Fact are supported by the credible and believable evidence of record. On the issue of notification, the lower court found as a matter of fact that: (1) On September 13, 1975, the creditor's attorney sent to the appellant Notice of the Sheriff's Sale, by certified mail, return receipt requested, to her home address of 562 Gibson Avenue. The Notice contained the requisite information, specifically that on September 11, 1975, a Writ of Execution was filed with the Sheriff directing him to sell appellant's property and that the sale was scheduled for November 26, 1975, at 1:00 p. m., in the Courthouse in Norristown, Montgomery County, Pennsylvania. The receipt acknowledgement (the green return card) went unclaimed by the appellant and was therefore returned unsigned to the office of the creditor's attorney; (2) Notice of the sale of appellant's

real estate was also given by posting the premises by Sheriff's handbills. This posting was done prior to the scheduled sale in November of 1975; (3) In addition thereto, Notice of the sale was advertised in the Montgomery County Law Reporter for three (3) consecutive weeks before the sale; (4) Further, Notice of the sale was published in "The Breeze", a newspaper of general circulation in Montgomery County on November 6, 13 and 20, 1975. Said Notice contained all relevant facts; (5) On November 26, 1975, the day of the sale, the Sheriff's Office publicly announced to the bidders assembled at the time and place fixed for the sale that the sale was postponed until December 17, 1975; and (6) On December 12, 1975, the creditor's attorney mailed a letter by regular mail to appellant at her residence informing her of the voluntary November postponement and of the fact that a new sale date had been scheduled for December 17, 1975 at 1:00 p. m. in the Norristown Courthouse. That letter which was sent by regular mail was never returned to its sender.

We conclude by the preponderance of the credible and believable evidence adduced at the evidentiary hearing which was convened by the lower court in accordance with Superior Court's Kelsey-Barber Remand Order that the diverse forms of notification procedures set forth above were reasonably calculated under all attendant circumstances to apprise the appellant of the pendency of the Sheriff's Sale. The cumulative effect of all notification procedures employed herein were constitutionally adequate and did not deny appellant due process of law. The fundamental requirement of due process of law set forth in *Mullane* (supra) has been completely satisfied in the instant case.

Finally, the adequacy or the inadequacy of the sale price was not presently an issue before this court. Pursuant to the Kelsey-Barber Remand Order, the lower court properly limited its evidentiary hearing to the issue of the notification procedures.

Order affirmed.

DiSALLE, J., did not participate in the consideration or review of this case.