## Beneficial Mutual Savings Bank v. Murray

*Albert J. Crawford, Jr.,* for plaintiff.
*Arthur P. Hartel,* for Continental Bank.

REED, *J.,* April 18, 1984—In March, 1974, defendants, Francis and Patricia Murray executed and delivered to plaintiff, Beneficial Mutual Savings Bank, a mortgage upon the premises at 8 Palmers Mill Road. The mortgage in the sum of $90,000 was duly recorded and accompanied by a note in the same amount.

The mortgage came into default, no payments having been made on the account of principal and interest since January 1, 1983. According to Act of Assembly of January 30, 1974 at P.L. 13 No. 6 at Article IV §§403 and 404 (41 P.S. §§403 and 404), Notice of Intention to Foreclose the Mortgage was forwarded to defendant owners in March, 1983. The notice informed them that if the default was not cured within 30 days, plaintiff, Beneficial, fully in-

tended to exercise their right to accelerate the mortgage payments to the total sum of $85,489.69 due as of June 1, 1983. (This figure was later increased to $88,267.87 to reflect a pay off as of September 1, 1983).

Upon defendant's failure to cure the default, a sheriff's sale was duly advertised and conducted in October, 1983 to satisfy plaintiff's mortgage.

The sale realized $117,000, which paid plaintiff's claim. A deed was then executed conveying the property to the bona fide purchaser, Robert Bernstein.

Continental Bank, petitioner here, holds a recorded second mortgage, junior in standing to plaintiff's mortgage. Continental, petitioner, and all other lienholders have been foreclosed from receiving anything from the sale of defendant's real estate since the proceeds of the sheriff's sale only satisfied plaintiff, Beneficial Mutual Bank's first mortgage.

Continental has brought this petition to set aside the Sheriff's Sale.

Petitioner argues:

(1). Notice by publication only, pursuant to Pa. R.C.P. 3129(b)(4) and (c), deprived it of a substantial property interest without due process of law;

(2). Publication in a local newspaper of the text of Pa.R.C.P. 3129(c) does not satisfy the requirements of "notice directed to all parties in interest"; and

(3). the sale price was grossly inadequate.

This court, after hearing, entered an order denying petitioner's prayer for relief. Petitioner, Continental Bank has therefore appealed to the Superior Court. Hence this memorandum opinion.

I

Continental Bank argues that as a lien holder it was entitled to notice of the sale by more than publication of the Notice; and that the lack of actual notice deprived it of a subtantial property interest without due process of law.

Pa.R.C.P. 3129(b) states:

"Notice of the sale of real property shall be given by handbills, by written notice to the defendant in the judgment and the owner or reputed owner and by publication, as hereinafter provided."

Pa.R.C.P. 3129(c) reads:

"The notice of sale provided in subdivision (b) shall include a notice directed to all parties in interest and claimants that a schedule of distribution will be filed by the sheriff on a date specified by the sheriff not later than thirty (30) days after sale and that distribution will be made in accordance with the schedule unless exceptions are filed thereto within ten (10) days thereafter."

The form and style for notice by publication is set forth in Pa.R.C.P. 3129(b)(4), which requires that such notice be made by the sheriff once a week for three successive weeks in a newspaper of general circulation in the county, and in an appropriate legal publication.

Denial of due process because of notice by publication only, pursuant to Pa.R.C.P. 3129, has been successfully raised in two situations:

In Luskey v. Steffron, Inc., 461 Pa. 305, 336 A.2d 298 (1975) where the facts are distinguishable from the facts in this case, the owner of the real estate that was up for sheriff 's sale did not receive personal notice. This was held to be a denial of due process.

In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), the United States Supreme

Court determined that notice by publication was not sufficient applying the Fourteenth Amendment to known beneficiaries of a Common Trust Fund.

Here, however Continental's position is simply that of a lien holder. It was neither the owner of the real property nor the owner of an interest comparable to that of the beneficiary of a trust, which is analogous to an ownership interest. Petitioner's interest as a second mortgage holder did not vest in it the indicia of such substantial property interest as that of ownership. Therefore it's due process right was satisfied with notice by publication, as the rule mandates.

Here plaintiff, Beneficial Mutual Savings Bank, followed the legal requirements for notice of sale of real property set out in Pa.R.C.P. 3129. Defendants, Mr. and Mrs. Murray, owners of the property, and the United States, pursuant to its interest under the Federal Tax Lien Act were entitled to and were afforded written notice under Pa.R.C.P. 3129(b) and (c).

Petitioner, Continental Bank, being neither the defendant in the original action, nor the owner or reputed owner of the property, was not entitled to personal written notice as it argues. Notice by publication, as set out in Pa.R.C.P. 3129(b)(4), constituted sufficient notice to satisfy due process as to it.

## II

Petitioner's argument that notice by publication under Pa.R.C.P. 3129(c) did not satisfy the requirement of "notice directed to all parties in interest", in inapposite to its position or standing in this case. Continental Bank's position as a second mortgage holder is not that of a party in interest in this case.

"If the person in question has the ability to discharge the obligation, . . . and if the person in ques-

tion can control the action he is the real party in interest." Smiler v. Toll, 373 Pa. 127, 94 A.2d 764, 768 (1953). Continental cannot either discharge or control this action; and it is therefore not a real party in interest. This rationale is applicable whether the cause of action involves personalty or realty.

Explaining further, a real party in interest must have the present ability to move or terminate the action. Indian Mountain Lake Civic Association v. Coyle, 283 Pa. Super. 545, 424 A.2d 943, 945 (1981). Continental Bank did not have the present ability to discharge or control any part of this action. It was not a party to this mortgage foreclosure action. As a junior or secondary mortgage holder under the prior mortgage held by plaintiff, Beneficial Mutual Savings Bank, it followed after Beneficial, who was the moving party and the real party in interest with defendants.

## III

Petitioner next argues inadequacy of price. We do not find the sale price to be grossly inadequate. In fact, petitioner failed to prove that the sale price was grossly inadequate at all.

The fact that petitioner's and perhaps other lien holders claims will be discharged by this sale does not make the sale price inadequate. Nothing was offered to show this sale price for this property was inadequate. The fact that petitioner or other creditors did not act with either sufficient diligence or acumen to protect their own interests does not mean the sale price was inadequate nor can that fact now be of consequence.

All the statutory notice requirements were properly followed and no Constitutional relief was allowed. Petitioner has no valid basis for setting aside this sheriff's sale.