LINCOLNSHIRE CIVIC ASSOCIATION, INC., Respondent, *v.* PAUL A. BEACH, JR., et al., Appellants.

Third Department, February 27, 1975.

*Collison & Place (Richard F. Place* of counsel), for appellants.

*Turk, Truman, Bishop & Simpson (Robert J. Simpson* of counsel), for respondent.

SWEENEY, J. Lincolnshire Development is a residential subdivision in the Town of Owego, developed and subdivided by Scholz Homes, Inc., pursuant to subdivision maps filed in the Tioga County Clerk's office in 1958 and 1961. Declarations of restrictions relating to the subdivisions were thereafter recorded in said clerk's office imposing certain restrictions as to the use and occupancy of lands in said development. The declarations provide that they be incorporated by reference in all deeds conveying parcels therein and are to run with the land; that they are binding on all parties claiming under them for a period of 25 years from the date of recording; and they should thereafter be automatically extended for successive 10-year periods unless a majority of the owners of the parcels in the development decide otherwise. There are some 17 restrictive covenants listed. On this appeal we are concerned with a provision of the declarations involving the following restriction:

"17. For the purpose of the improvement and maintenance of all lots and the facilities in Lincolnshire Development, all

persons who now own or who shall hereafter acquire lots in the Lincolnshire Development shall be obligated to become members of an ' Association ' and shall remain a member so long as said person shall own property in the development. Said association shall be conducted for the purpose of improvement and maintenance of the recreational facilities provided or to be provided. All of said owners shall be bound by and adhere to the rules and regulations of said association."

Defendants are all property owners in Lincolnshire Development and each of their respective deeds contains the following language: " This conveyance is also made and accepted subject to a Declaration of Restrictions made by Scholz Homes, Inc., dated October 31, 1958 and recorded in the Tioga County Clerk's Office on November 6, 1958 in Book of Deeds 281 at Page 327, which restrictions are incorporated herein as though fully set forth at length ".

The plaintiff association was incorporated in 1962 and a parcel of land designated as a " Recreational Area " was thereafter conveyed to it, together with the improvements thereon, including a swimming pool, tennis courts and playground. When the swimming pool was heavily damaged during the winter of 1970, a majority of the association members voted by ballot, pursuant to the association's by-laws, to replace the pool and to finance such replacement by a bond and mortgage which was judicially approved on May 18, 1970. On May 25, 1970 defendants tendered resignations of their membership in the association and refused to pay the lump sum assessment of $330 for reconstruction of the pool, as well as their 1970 dues. The present action was thereafter commenced to collect the assessments and dues, including a demand for counsel fees. Summary judgment was granted in favor of the plaintiff association and this appeal ensued.

We find no merit to defendants' asserted claims that several issues of fact necessitate a trial. The underlying facts are not in dispute. Whether the covenant which requires membership in the association and conformance to its rules and regulations runs with the land is a question of law. If the covenant runs with the land, defendants' purported resignations were a nullity as a matter of law.

The legal essentials of a covenant running with the land are threefold: (1) it must appear that the original grantor and grantee intended such a result; (2) it must appear that there is privity of estate between the party claiming the benefit and the

party now resting under the burden of the covenant; and (3) the covenant touches or concerns the land with which it runs. (*Nicholson* v. *300 Broadway Realty Corp.*, 7 N Y 2d 240; *Neponsit Prop. Owners' Assn.* v. *Emigrant Ind. Sav. Bank*, 278 N. Y. 248.) It cannot be doubted in the instant case that the covenant was intended to run with the land and that the requisite privity of estate is present. The issue thus narrows to whether this covenant touches or concerns the land owned by defendants. The Court of Appeals in *Neponsit* (*supra*, pp. 257–258), looking to substance rather than technical form, established a test to ascertain whether an affirmative covenant to pay money or perform an act touches or concerns the land: " Does the covenant impose, on the one hand, a burden upon an interest in land, which on the other hand increases the value of a different interest in the same land or related land? " Although there is no expressed covenant to pay a fixed sum of money each year to maintain and improve the recreation facilities as was the case in *Neponsit* (*supra*), the covenant to become a member of the association and abide by its rules and regulations is not materially different. It is an affirmative covenant to pay money if called upon by the association to do so for the operation and maintenance of such recreational area, a use in connection with the land which is subject to the burden of the covenant. By their respective deeds, each defendant obtained an easement or right of common enjoyment with other property owners of the development in the recreation area and facilities built or to be built in the future. The recreation facilities must be maintained if there is to be full enjoyment in common by the defendants and other property owners of these easements or rights. That burden rests upon the land benefited and affects the advantages and burdens of the parties to the covenant as owners of particular parcels of land. We conclude that the covenant touches and concerns the land in a substantial degree, and, therefore, runs with the land. It is enforceable against the defendants and summary judgment was properly granted in favor of plaintiff.

The order should be affirmed, with costs.

HERLIHY, P. J., KANE, MAIN and LARKIN, JJ., concur.

Order affirmed, with costs.