■ RIVERTON COMMUNITY ASSOCIATION, Appellant, v JAMES R. MYERS, Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Prior to June of 1973, Riverton Properties, Inc. acquired several hundred acres of land in the Towns of Wheatland and Henrietta, Monroe County, which it intended to develop as a planned residential community. On June 14, 1973, a declaration of covenants, conditions, restrictions and easements was filed in the County Clerk's office between Riverton Properties and the Riverton Community Association, Inc. (Association). The declaration stated that the Association was formed to own, develop, manage and maintain land and facilities within the Riverton community and included a covenant obligating owners of land within the Riverton properties to pay assessments for common areas and services provided by the Association. In May 1978, the United States Department of Housing and Urban Development commenced foreclosure proceedings upon the Riverton properties and an amended declaration was filed which continued the covenant to pay assessments imposed by the Association. In 1980, defendant purchased a parcel of land within the Riverton properties, but separated from previously developed areas of the Association by the Scottsville-West Henrietta Road. Because he did not receive the same services (such as sewers, underground telephone lines, trash hauling, snowplowing) as

residents of the developed area across the street, defendant refused to pay assessments that were imposed by the Association. In 1986 the Association commenced this action to recover some $1,442 in unpaid assessments. Following joinder of issue, both parties moved for summary judgment. Special Term denied plaintiff's motion, granted defendant's motion, and dismissed the complaint.

We conclude that Special Term erred by granting defendant's motion and dismissing the complaint. Accordingly, we modify the order to deny defendant's application for summary judgment. Defendant purchased his parcel subject to covenants and conditions appearing of record. The affirmative covenant of record to pay assessments runs with the land and is binding upon defendant if three requirements are satisfied: (1) the grantor and grantee intended that the covenant should run with the land; (2) there is privity of estate between the party claiming the benefit of the covenant and the right to enforce it and the party upon whom the burden of the covenant is to be imposed; and (3) the covenant is deemed to "touch" and "concern" defendant's land *(Eagle Enters. v Gross,* 39 NY2d 505, 508; *Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank,* 278 NY 248, 255). Both the declaration and amended declaration expressly provided that the covenant to pay assessments was to run with the land, and plaintiff's representative status was sufficient to satisfy the requirement of privity *(Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, supra; Nassau County v Kensington Assn.,* 21 NYS2d 208). The remaining issue is whether the covenant can be deemed to "touch" and "concern" defendant's land.

Special Term concluded that because defendant received no benefits from the covenant, the covenant did not touch or concern his property. We cannot agree. In his moving affidavit, defendant averred that the Association provided certain common areas, including a swimming pool and tennis court. On oral argument, his counsel conceded that defendant had the right to use the common areas but had no interest in exercising these rights. The amended declaration specifically grants owners the right to use common areas. The right to use common areas, facilities and services may benefit and thereby "touch" or "concern" property even though the common areas or services do not physically touch defendant's land *(Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, supra)* and irrespective of whether defendant wishes to avail himself of the benefits *(Lincolnshire Civic Assn. v Beach,* 46 AD2d 596).

In the subject case, the record does not show the precise nature of the common areas or facilities available to defendant and does not reveal which benefits or services are covered by the assessment. Until those factual matters are resolved, the court cannot determine whether the covenant touches and concerns the land to a substantial degree *(see, Eagle Enters. v Gross,* 39 NY2d 505, *supra; Lincolnshire Civic Assn. v Beach, supra),* and summary judgment relief is not warranted. (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.—summary judgment.) Present—Dillon, P. J., Denman, Boomer and Balio, JJ.