Riverton Community Association, Inc., Appellant, v James R. Myers, Respondent.—Order unanimously reversed on the law with costs and judgment ordered in accordance with the following Memorandum: This court previously held that plaintiff Association established two of the three criteria essential to a finding that a covenant to pay assessments runs with the land: intent and privity *(see, Riverton Community Assn. v Myers,* 142 AD2d 984, 985). After a nonjury trial, Supreme Court found that plaintiff failed to establish the third criterion, viz., that the covenant can be deemed to "touch" or "concern" the land, and the court dismissed the complaint. We reverse.

A covenant to pay assessments for the maintenance of property is deemed to " 'touch' " or " 'concern' " the land when it "affects the legal relations—the advantages and the burdens—of the parties to the covenant, as owners of particular parcels of land and not merely as members of the community in general, such as taxpayers or owners of other land"

*(Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank,* 278 NY 248, 257). The issue is whether "the covenant impose[s], on the one hand, a burden upon an interest in land, which on the other hand increases the value of a different interest in the same or related land" *(Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, supra,* at 257-258). The uncontroverted evidence indicates that only owners of land burdened by the covenant have the right to use many of the common facilities—the bike and walk way, pool, and tennis courts—maintained by the assessment imposed pursuant to the covenant. Further, it is undisputed that the right to use those facilities increases the market value of properties within the covenant area. Supreme Court found that the covenant did not "touch" or "concern" the land because members of the public were allowed to use the common facilities, and thus, that the covenant did not relate in a significant way to ownership rights. That analysis ignores the fact that only the owners of land within the covenant area have the *right* to use those common facilities and that, as members of the Association, the owners can deny use of many of the facilities by the public. Because the covenant affects the legal relations of the parties with respect to the land, it "touches" and "concerns" the land *(see, Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, supra; Lincolnshire Civic Assn. v Beach,* 46 AD2d 596; *In re Raymond,* 129 Bankr 354, 362-364). Therefore, we order that judgment be entered in favor of plaintiff in the sum of $2,532.61, together with costs and interest from the date of the commencement of trial. (Appeal from Order of Supreme Court, Monroe County, Cornelius, J.—Breach of Contract.) Present—Boomer, J. P., Balio, Lawton, Fallon and Doerr, JJ.