**James W. HINES,**

v.

**John J. PETTIT, Jr. and Ralph
C. Passio, III.**

**Civ. A. No. 85–6707.**

United States District Court,
E.D. Pennsylvania.

July 18, 1986.

As Corrected July 22, 1986.

Henry J. Sommer, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Andrew P. Bralow, Deputy City Sol., Counsel, Philadelphia, Pa., for Defending Sheriff.

Howland W. Abramson, Deputy Legal Counsel to the Court Admin. of Penna. Counsel, Philadelphia, Pa., for Def. John Pettit, Jr., Prothonotary.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This class action attacks the Prothonotary's practice of entering default judgments for amounts greater than those claimed in complaints, through a blind reliance on written instructions of creditors' lawyers. As a result, debtors' properties are encumbered by liens and sold by the Sheriff on judgments exceeding sums claimed to be due in complaints. Defendants Prothonotary and Sheriff claim that the Pennsylvania procedural rules mandate this absurdity. I find that due process of law affords debtors protection against erroneous and arbitrary seizures.

Due process balances competing interests:

The principles established in the controlling Supreme Court decisions, to summarize, are that notice and an opportunity to be heard before an attachment are not absolutely necessary. However, the available procedures must afford the debtor adequate protection against erroneous or arbitrary seizures. The procedural protection is adequate if it represents a fair accommodation of the respective interests of creditor and debtor.

*Finberg v. Sullivan*, 634 F.2d 50, 58 (3rd Cir.1980).

Here, the debtors' interest is to be assessed no more than what is admitted due by failure to respond to the complaint. The creditors' interest is to collect what is due. Pennsylvania law imposes a neutral clerk, the Prothonotary, between the debtor and creditor to enter judgment for sums certain or ascertainable claimed in the defaulted complaint. The Philadelphia Prothonotary's practice is to abdicate his role to the creditors' lawyers. The Prothonotary enters judgment for whatever sums are claimed due in the creditors' Praecipes, even though the complaints claimed less.

The complaint gives notice of the claim, notice to plead and an opportunity to be heard. By failing to respond, the debtors admit they owe what is claimed. After default, the creditors' Praecipes do not af-

ford debtors an orderly procedure to defend against unjust claims. Debtors are entitled to rely on the clerks of court in the Prothonotary's office to review the complaints before entering judgment. The Prothonotary's practice to enter judgment for whatever creditors order in their Praecipes produces erroneous and arbitrary judgments for more than the complaints claim.

Due process requires that court clerks do not flatly refuse reasonable efforts to review complaints before entering judgment. Judgments must reflect "sums certain," or sums that "can be made certain by computation" from the complaints. Due process does not require perfection; however, the present system institutionalizes error. Error is inherent in a practice which denies the clerks' obligation to review complaints before entering judgment. The Prothonotary's practice is tantamount to letting creditors' lawyers enter judgments by their unreviewed Praecipes. Praecipes are not a substitute for complaints. Allowing judgments by praecipes after default is no more defensible than would be a system allowing judgments by praecipes in lieu of complaints. Complaints have a notice to plead; praecipes do not initiate an orderly procedure to respond.

What due process requires is a practicable system of internal procedures in the Prothonotary's office to make reasonable review of complaints before entering default judgments. Such procedures must recognize not only the rights of debtors, but the "probable value" of such procedures in preventing erroneous judgments and the "fiscal and administrative burdens that the additional or substitute requirement would entail." *Ibid* I have afforded the parties additional time to consider such procedures. At present, the procedure in place is to do nothing by way of reviewing the Complaints and to rely blindly on the creditors' praecipes. This policy of nonaction does not satisfy due process of law.[1]

*See Luskey v. Steffron, Inc.,* 461 Pa. 305, 309, 336 A.2d 298, 299 (1975).

What due process mandates in the circumstances of this case is some reasonable safeguard against the mistaken taking of the debtors' property by a neutual clerk's review. The state of the law is: "[w]e infer from the current crop of Supreme Court decisions that the prevailing rule of procedural due process is that official seizures can be constitutionally accomplished only with either 'notice and ... opportunity for a hearing or other safeguard against mistaken taking.'" *Jonnet v. Dollar Savings Bank,* 530 F.2d 1123, 1129 (3rd Cir. 1976).

The Prothonotary has a policy and practice to default in his obligation to exercise professional competence in checking that judgments do not exceed sums claimed in the complaints. The Prothonotary baldly contends that he has no duty to compute the correct sum: "[w]ere it otherwise, there would be no need to file an assessment; the Prothonotary would simply compute the amount from the Complaint." *See* Pettit Memorandum at 16. This is an abdication of the Prothonotary's function to review the Praecipe so that judgment is entered for the sums "certain" or that "can be made certain by computation" from the complaint. Were it otherwise, creditors could enter judgments directly and there would be no need for a Prothonotary.

The problem is that the Prothonotary's mechanical application of the creditors' praecipes deprives debtors of meaningful consideration by a neutral court clerk that the judgment meets the minimal requirement of not exceeding what the Complaint claims. As the Court held in an analogous context:

> There are no provisions for the exercise of judgment by an official of professional competence to ascertain whether conditions for attachment have been met or whether a valid claim has been pleaded.

---

**1.** An assessment of judgment on the basis of an unreviewed praecipe for a sum in excess of the amount claimed in the complaint is indistinguishable from a reassessment of damages against judgment debtors without notice and an opportunity for a hearing. *See* Consent Orders in *Hammock v. Prothonotary and Sheriff of Philadelphia,* Civil Action No. 83–6080, (E.D.Pa.)

The affidavit requirement has little utility if it is not given meaningful consideration. Due process requires at a minimum that the sworn statement be presented to an official with sufficient legal competence to make those determinations; the issuance of the writ should be conditional on approval by such official.

*Id.* at p. 1130.

The stipulated facts are that judgment was entered against class member Hines for $7756.22 claimed in the Praecipe to Assess Damages when the complaint sought damages of $7264.97. The parties have stipulated:

13. Defendant Pettit's actions set forth above including the entering of this higher assessment of damages and the issuance of a writ of execution in that amount were pursuant to the normal practice of his office, of which he was aware and decided not to change, of entering default judgment in whatever amount is sought by a plaintiff regardless of whether that amount has been demanded in the complaint without prior notice to the defendant of any change from the amount sought in the complaint or opportunity for the defendant to contest any such change.

This practice is constitutionally unacceptable. There is simply no way that the $7756.22 claimed in the Praecipe could be computed as a sum certain from the information in the complaint.[2] A reasonable neutral clerk would know that much. A reasonable neutral clerk would not make such an assessment. A reasonable neutral clerk would not assess a $491.25 charge claimed in the Praecipe, when the com-

plaint does not identify a basis for the computation, like a rate, or a *per diem* figure for the period between the date of filing the complaint and the entry of judgment. The Prothonotary has even entered judgments including interest for a period beyond the date of the judgment, in blind reliance on an erroneous praecipe. *See* Plaintiffs' Motion for Partial Summary Judgment, Appendix II (Praecipe filed in *Fidelity Consumer Discount Company v. Boyd,* Civil Action No. 83–308 (Philadelphia County Court of Common Pleas)). The recent amendment to Philadelphia's local rule, requiring that the praecipe be filed with a certification of service, does not address the violation of the constitutional safeguard by a clerk who performs the function of reviewing the complaints blindly relying on the creditors' instructions. In view of the practice and intentions of the Prothonotary set forth in Paragraph 13 of the Stipulation, plaintiffs have demonstrated a reasonable expectation that they will be subject to a recurrence of the activity they challenge.[3]

### ORDER

AND NOW, this 18th day of July, 1986, Plaintiff's Motion for Partial Summary Judgment is Granted as explained in the accompanying Memorandum.

The parties shall submit a form of Order to effectuate the accompanying Memorandum on September 2, 1986, together with the other materials specified in my Order of July 1, 1986.

---

2. Under Pa.R.Civ.P. 1037(b)(1) defendant Pettit is charged with assessing damages only
   > for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which issues shall be limited to the amount of the damages.

   *See* Pa.R.Civ.P. 1037(b)(1).

3. At this stage of the case, it is unnecessary to adjudicate damage questions. Within thirty days, plaintiff may make a prima facie showing, by affidavits or depositions, of whether members of the class have sustained damages. Defendants may respond to this showing within thirty days thereafter. Within ten days thereafter, both sides may renew by appropriate motions their contentions regarding immunity and the applicability of the Pennsylvania Consumer Protection Law. It is not necessary to decide those issues now.