**Danetta JOHNSON and Anthony Johnson, Appellees**

v.

**Gwendolyn BULLOCK–FREEMAN and Morris J. Freeman, Appellants.**

Superior Court of Pennsylvania.

Submitted Nov. 26, 2012.

Filed Jan. 28, 2013.

Franklin A. Bennett, III, Philadelphia, for appellants.

Jermaine Harris, Philadelphia, for appellee.

Michael J. Carroll, Philadelphia, for participating party.

BEFORE: FORD ELLIOTT, P.J.E., BENDER, J., and SHOGAN, J.

OPINION BY BENDER, J.

In this landlord tenant action, Gwendolyn Bullock–Freeman and Morris J. Freeman (the Tenants) appeal an order of the Court of Common Pleas that denied the Freemans' petition to satisfy an award of rent by the Philadelphia Municipal Court and an emergency motion to allow their continued occupancy of their rented house upon paying back rent and costs as documented on the writ of possession. The Tenants, with the support of *amicus curiae*, the Tenant Union Representative Network (amicus), contend that the court's order violates section 250.503 of Pennsylvania's Landlord Tenant Act, *see* 68 Pa. S.A. § 250.503(c), and infringes tenants' rights to due process. The Tenants and amicus argue further that Pennsylvania law limits the amount collectible pursuant to a Writ of Possession to the total sum recorded on the face of the writ. Following careful consideration, we agree with the Tenants. Accordingly, we reverse the trial court's order.

The history and procedural posture of this case focuses our attention on provisions of the Landlord and Tenant Act that guarantee a tenant's right to redeem his or her home upon payment of rent due, notwithstanding the issuance of a writ of possession by a magistrate or, in this case, the Philadelphia Municipal Court. The Tenants, who formerly resided in a home rented from plaintiffs Danetta and Anthony Johnson (the Landlords), fell into arrears

on their rent payments prior to October 21, 2011. On that date, the Landlords filed a landlord/tenant complaint in Philadelphia Municipal Court. The court rendered judgment for the Landlords thereafter in the amount of $1831, solely for nonpayment of rent. The tenants then filed a timely appeal to the Court of Common Pleas of Philadelphia County and obtained a supersedeas on the condition that they remit timely installment payments against the rent arrearages. On December 29, 2011, after the Tenants failed to make an agreed payment, the Court of Common Pleas terminated the supersedeas and the Landlords filed a writ of possession in Municipal Court. To avert a lockout, the Tenants' attorney tendered the amount designated on the writ, but counsel for the Landlords declined the payment, choosing instead to move for an alias writ of possession, which the Municipal Court granted on January 17, 2012. Counsel for the Tenants responded with a petition to satisfy based on his clients' attempt to pay the writ amount; nevertheless, the court denied the petition, prompting the Tenants, once again, to appeal to the Court of Common Pleas. Subsequently, on February 22, 2012, the Tenants also filed an emergency motion to "pay and stay," but, following a hearing, the court denied both the petition to satisfy and the "pay and stay" motion.

The Tenants then filed this appeal, raising the following questions for our consideration:

    A.  Did the trial court in the First Judicial District commit an error of fact and/or law and/or abuse its discretion in ruling that "rent actually in arrears" is something other [than] the amount of the writ when the Supreme Court, through its explanatory note has defined "rent actually in arrears" as the judgment amount and [in] every other county throughout the Commonwealth common practice considers "rent actually in arrears" as the judgment amount including Philadelphia?

    B.  Would Philadelphia's interpretation of the law be contrary to legislative intent?

Brief for Appellant at 7.

■  The Tenants' questions challenge the trial court's interpretation of a statute and therefore raise a question of law, of which our scope of review is plenary and our standard of review is *de novo*. *See In re Wilson,* 879 A.2d 199, 214 (Pa.Super.2005) (*en banc*). Thus, we review the entire record to the extent necessary, paying no deference to the trial court's conclusions of law. *See id.* nn. 10, 11. In this instance, the statute subject to consideration directs the preparation, execution, and potential stay of writs for the possession of demised premises to the landlord following entry of a judgment. The provision at issue states, in its entirety, as follows:

> **§ 250.503. Hearing; judgment; writ of possession; payment of rent by tenant**
>
> (a) On the day and at the time appointed or on a day to which the case may be adjourned, the justice of the peace shall proceed to hear the case. If it appears that the complaint has been sufficiently proven, the justice of the peace shall enter judgment against the tenant:
>
>     (1) that the real property be delivered up to the landlord;
>
>     (2) for damages, if any, for the unjust detention of the demised premises; and
>
>     (3) for the amount of rent, if any, which remains due and unpaid.
>
> (b) At the request of the landlord, the justice of the peace shall, after the fifth

day *after the rendition of the judgment,* issue a writ of possession directed to the writ server, constable or sheriff, commanding him to deliver forthwith actual possession of the real property to the landlord and *to levy the costs and amount of judgment for damages and rent, if any, on the tenant, in the same manner as judgments and costs are levied and collected on writs of execution.* This writ is to be served within no later than forty-eight hours and executed on the eleventh day following service upon the tenant of the leased premises. Service of the writ of possession shall be served personally on the tenant by personal service or by posting the writ conspicuously on the leased premises.

(c) *At any time before any writ of possession is actually executed, the tenant may, in any case for the recovery of possession solely because of failure to pay rent due, supersede and render the writ of no effect by paying to the writ server, constable or sheriff the rent actually in arrears and the costs.*

68 P.S. § 250.503 (emphasis added).

Both the Tenants and the common pleas court [1] acknowledge that the writ issued in this case sought recovery based solely upon failure to pay rent due, and that the Tenants attempted to pay the amount reduced to judgment plus costs as recorded on the face of the writ. They also acknowledge that the Landlords' counsel refused to accept the Tenants' payment on the premise that by the time of attempted execution, additional sums were due. The Tenants argued before the common pleas court that notwithstanding the accrual of additional sums in arrears, the ability of the Landlords to collect rent or evict tenants pursuant to an alias writ must be limited to amounts reduced to judgment and documented on the face of the writ. The Tenants contend, in addition, that said limitation is consistent with pre-existing practice in Philadelphia [2] and with practice throughout the remainder of this Commonwealth established by the Rules of Civil Procedure for Magisterial District Judges, Rule 518.

The common pleas court, in its Opinion of June 12, 2012, counters that the Rules of Civil Procedure for Magisterial District Judges do not apply in Philadelphia Municipal Court, that the Municipal Court Rules are not as restrictive in their definition of what sums are collectible pursuant to an alias writ for possession, and that section 503(c) of the Landlord and Tenant Act allows collection under the writ of "rent actually in arrears." Trial Court Opinion, 6/12/12, at 3. The court fails, however, to reference any provision of the Municipal Court Rules that would arguably support the broad grant of discretion it claims. Nor does the statute define the term "rent actually in arrears." Upon careful review, we agree with the Tenants, finding the common pleas court's analysis incompatible with the language and spirit of the Landlord and Tenant Act as well as

---

1. The Landlords did not file a Brief for Appellees. Consequently, we frame our discussion with reference to the claims of the Tenants and the decisions of the courts below.

2. The alias writ issued in this case sustains the Tenant's allegations with the following declaration of tenants' rights:

    Notice to the Tenant: Judgment was entered for non-payment of rent. *If the full amount of the judgment plus court costs is paid on or prior to the eviction date, eviction shall not proceed.* The landlord should provide you with a signed "Order to Satisfy" which must be filed in Room 500, 34 S. 11th Street. If you are unable to obtain an "Order to Satisfy" call [a telephone number] for further information.

    Alias Writ of Possession, 1/17/12, at 1 (emphasis added).

the Philadelphia Municipal Court Rules.[3] As our discussion will demonstrate, the Philadelphia Municipal Court Rules implicitly acknowledge that the authority encompassed in any writ of possession is limited to the scope the judgment from which it derives. Moreover, contrary to the common pleas court's conclusion, the Municipal Court Rules *do* acknowledge the need for uniformity of practice with the Rules for Magisterial District Judges.

■ Our analysis commences in recognition of the statutory language at issue, which provides expressly that a writ of possession issued solely for non-payment of rent will be rendered of no effect upon payment of "the rent actually in arrears and costs." 68 P.S. § 250.503. As noted above, 68 P.S. § 250.503(c) provides the following:

(c) At any time before any writ of possession is actually executed, the tenant may, in any case for the recovery of possession solely because of failure to pay rent due, supersede and render the writ of no effect by paying to the writ server, constable or sheriff the rent actually in arrears and the costs.

Significantly, the Rules for Magisterial District Judges substantially track the language of the Landlord and Tenant Act in providing for writs of possession to be superseded by payment of back rent—and, they also define the pivotal term "rent actually in arrears." Rule 518, which allows for the practice known as "pay and stay," provides as follows:

**Rule 518. Satisfaction of Order by Payment of Rent and Costs**

*At any time before actual delivery of the real property is made in execution of the order for possession, the defendant may, in a case for the recovery of possession solely because of failure to pay rent, satisfy the order for possession by paying to the executing officer the rent actually in arrears and the costs* of the proceedings. The executing officer shall give the defendant a signed receipt for any such payment.

*Note:* "Rent actually in arrears" means the sum set forth on the order for possession.

Pa.R.C.P.M.D.J. 518. The Rules Committee's explanatory comment, unchanged since 1992, further illuminates the limitation to which writs of possession are subject under the Rule:

The Note to Rule 518 clarifies the amount of money requisite to satisfy rent in arrears and the costs of Landlord–Tenant proceedings. Since tenants are often confused regarding the amount of monies to be paid to satisfy a judgment, *especially when additional rent may have accrued between the time of the judgment and the scheduled eviction*, this Rule specifies that *rent in arrears includes only those sums set forth on the order for possession.*

*Id.,* Explanatory Comment–1992. Although the Explanatory Comment expresses the opinion of the rules drafting committee and therefore is not binding, the official note, which defines "rent actually in arrears," is dispositive of the manner in which our Supreme Court understood and intended that term as it appears in the Rules for Magisterial District Judges. Considered in conjunction with the Explanatory Comment, the language

---

**3.** The court's order is also fundamentally inconsistent with mandatory due process protections. *Cf. Hines v. Pettit,* 638 F.Supp. 1269, 1269 (E.D.Pa.1986) (striking down Philadelphia Prothonotary's practice of entering default judgments for amounts greater than those claimed in complaints, through a blind reliance on written instructions of creditors' lawyers).

allows no room for debate that execution of writs of possession, at least outside of Philadelphia, is vitiated upon payment of the amount of the judgment plus costs recorded on the face of the writ *notwithstanding the accrual of additional rent due.*

Nothing in the Landlord and Tenant Act militates against recognition that the legislature intended the same interpretation and that, given the opportunity, our Supreme Court would so recognize. Given the virtually exact correspondence between the language of Rule 518 and that of the statute, (which the Rule exists to enforce), there can be no rational basis to conclude that the meaning ascribed to terms in the Rule should not apply equally to those in the statute. Indeed, as advocated by *amicus,* the General Assembly re-codified the right to "pay and stay" in 1995 after the Judiciary Act Repealer Act nullified the prior provision of the Landlord and Tenant Act of 1951, April 6, P.L. 69, No. 20, art. V, § 504. The Repealer Act's "savings clause," *see* 42 Pa.S.A. § 20003(b), sustained the substantive right to "pay and stay" previously established in section 504 through application of correlative Rules of Court. Thus, as concerns "pay and stay," the practice previously associated with the Landlord and Tenant Act of 1951, section 504, was sustained after the Judiciary Act Repealer Act by

Pa.R.C.P.M.D.J. 518.[4] Not surprisingly, when the legislature re-codified the Landlord and Tenant Act in 1995, it adopted the language of Rule 518 almost verbatim, fully cognizant of the associated right and its history. Consequently, any suggestion that the identical terms used should be construed differently appears to us contrived.

In attempting to reconcile the Landlord and Tenant Act with execution of the alias writ carried out in this case, the common pleas court distinguished the term "rent actually in arrears" as defined in the Rules of Civil Procedure for Magisterial District Judges on the basis that "Philadelphia County has its own local court rules, and for that reason, any Magisterial District Justice [sic] Rules of Civil Procedure are not relevant to this action." Trial Court Opinion, 6/12/12, at 3 (unnumbered). Regrettably, the court's analysis of this point is inadequate. In so stating, we acknowledge that the Rules of Civil Procedure for Magisterial District Judges are not directly applicable to proceedings in Philadelphia Municipal Court. Nevertheless, the analogous Philadelphia rule does not vary in substance from the statewide rule and does not distinguish Philadelphia practice from that applied elsewhere. In point of fact, Philadelphia Municipal Court Rule 126 plainly acknowledges that execution and revival of judgments (including service

---

4. The "savings clause" of the Judiciary Act Repealer Act safeguarded substantive rights conferred in obsolete and repealed legislation, in pertinent part, as follows:

   **§ 20003. Cross Reference and Interpretation**

   \* \* \* \*

   (b) **Interpretation.**—The specific repeals effected by section 2 are intended to eliminate obsolete, unnecessary or suspended statutory provisions. *General rules promulgated pursuant to the Constitution of Pennsylvania and the Judicial Code in effect on the effective date of the repeal of a statute,*

*shall prescribe and provide the practice and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal.* If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated.

42 P.S. § 20003 (emphasis added).

of alias writs of possession) must be conducted in conformity with practice followed in the Court of Common Pleas and prescribed in the District Justice Rules (now renamed as the Rules for Magisterial District Judges). The Rule provides, in pertinent part, as follows:

**Rule 126. Execution and Revival of Judgments: Sheriff's Interpleader**

a. Except as provided below, execution shall not issue until the time for appeal which could be filed with the Court of Common Pleas has expired.

\* \* \* \*

c. Enforcement and revival of judgments shall be in the same manner as if commenced in the Court of Common Pleas, except that authorized Landlord–Tenant Officers may serve and enforce all writs of possession and alias writs of possession.

\* \* \* \*

e. An alias writ of possession may not be issued after six months from the date of the judgment for possession without leave of court.

*Note:* On March 28, 1996, the Pennsylvania Supreme Court promulgated amendments to the Pennsylvania District Justice Rules of Civil Procedure *and instructed the Philadelphia Municipal Court to promulgate rules consistent with the amendments to the District Justice Rules.* The amendments to Philadelphia Municipal Court Rule of Civil Procedure 126 are consistent with the Supreme Court's amendments within Pennsylvania District Justice Rules of Civil Procedure 515 and 519.

Phila.M.C.R.Civ.P. 126 (emphasis added).

Rule 126 recognizes implicitly that writs of execution, be they for money alone or for possession as well, are by definition, delimited by the judgments from which they derive. Indeed, the Rule's confinement of execution between expiration of the time for appeal of the judgment, and six months from entry of the judgment, would be pointless were the writ not derivative of the judgment. Thus, Rule 126 correctly assumes as its premise that *any* writ serves merely as a tool for fulfillment of the underlying judgment. To that extent, the Rule conforms in practice, and must also conform in application, to Pa. R.C.P.M.D.J. 518. Although the official note that follows the rule does not incorporate or reference Rule 518 by number, its reference to Rules 515 and 519 evinces the attempt of the municipal court rules committee to conform with the direction of the Pennsylvania Supreme Court in drafting Municipal Court Rule 126. The same direction that constrained the municipal court rules committee to fashion a rule in conformity with Pa.R.C.P.M.D.J. 515 and 519, also compels conformity with Rule 518. Inasmuch as the language of Municipal Court Rule 126 does not track the language of Pa.R.C.P.M.D.J. 518, our holding today establishes a bridge by which conformity can be achieved. Hence, until the Philadelphia Municipal Court Rules are amended in language that clarifies the current ambiguity and halts the practice we have addressed here, the protections of Pa.R.C.P.M.D.J. 518 shall apply fully to the residents of the City of Philadelphia in cases before either the Philadelphia Municipal Court or the Court of Common Pleas. The Landlord and Tenant Act requires no less.

For the foregoing reasons, we reverse the order of the Court of Common Pleas.

Order **REVERSED**.