J-A15005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PRASHANTH JAYARAM | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAOJUN WANG | : | |
| | : | |
| Appellant | : | No. 2266 EDA 2019 |

Appeal from the Order Entered June 21, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  01416 May Term, 2019

BEFORE:   LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                              Filed: August 25, 2020

Chaojun Wang (Wang/Tenant) appeals *pro se* from the order,[1] entered in the Court of Common Pleas of Philadelphia, denying his petition for reconsideration of the Philadelphia Municipal Court's order denying his petition to open a default judgment.  After careful review, we affirm.

In May 2018, Wang entered into a 12-month residential lease agreement (Lease) with Appellee, Prashanth Jayaram (Landlord), for the property located at 543 South 27th Street, Philadelphia, Pennsylvania (Premises).  The Premises, a 1,050-square foot, two-bedroom unit, is part of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order was reduced to judgment on July 22, 2019.

a larger building (Building) which contains thirteen units.[2]  The Lease, which commenced on June 15, 2018, included a provision stating "[n]o persons other than Tenants signing this [L]ease are to occupy the Premises.  Any violation of this provision shall constitute a material default under this Lease." Residential Lease for 543 South 27th Street, Philadelphia, PA, 5/17/18, at 2 (attached as Exh. A to Tenant's Petition to Open Default Judgment).  During the term of the Lease, Landlord became aware that multiple unauthorized persons were residing at the Premises.[3]  As a result of this breach, on February 13, 2019, Landlord sent Tenant a notice to vacate the Premises by March 1, 2019.

_____

[2] The Premises was structured like a "trinity house," a very small Philadelphia abode that typically has only one room on each floor, connected by a narrow spiral staircase.  *See* https://marketurbanismreport.com/blog/the-trinity-house-a-philadelphia-style-of-missing-middle (last visited 7/28/20).

[3] Landlord testified at trial that he manages the Premises and was surprised to find Tenant's wife living there in February of 2019.  N.T. Petition to Open Hearing, 5/3/19, at 29-30.  Tenant admitted at the hearing that three of his in-laws arrived from China in March and, in addition to his wife, were staying at the Premises to help after the birth of his child.  *Id.* at 36.  Landlord saw another man that Tenant's wife identified as a "friend" staying at the Premises. *Id.*  When the eviction occurred, Landlord testified that there were five other people, not including Tenant's wife, in the Premises.  *Id.*  Finally, Landlord testified that the additional occupants of the Premises had adverse effects on the property such as "incredibly high" water bills causing undue pressure on a new boiler he had had installed, as well as the power breaker being tripped. *Id.* at 32-33.

On February 21, 2019, Landlord filed a Landlord/Tenant complaint in Philadelphia Municipal Court.[4]   Tenant was served notice of the lawsuit by posting at the Premises.  The affidavit of service indicates that there was "No Answer" at the Premises on February 26, 2019 at 3:10 p.m.  On February 27, 2019, at 2:35 p.m., the complaint was "posted for DEF" at Tenant's address, 2619 South St. #A ENT. @ 543 S. 27th St.  Tenant did not appear for the March 21, 2019 hearing.  Following the hearing, the municipal court entered a default judgment in favor of Landlord for possession plus court costs in the amount of $99.75.  Notice of the judgment was sent to Tenant on the same day at his address, 2619 South Street #A ENT @ 543 South 27th Street, Philadelphia, PA 19146.

On April 1, 2019, a writ of possession was filed and, thereafter, Landlord attempted to serve the writ on Tenant at 2619 South Street #A ENT @ 543 South 27th Street, Philadelphia.[5]  On April 4, 2019, at 4:26 p.m., the writ was "Returned to Sender, Not Deliverable as addressed, unable to Forward." Municipal Court Docket Entry #21, 4/4/19.  On April 23, 2019, an alias writ[6]

---

[4] Pennsylvania law provides that the Philadelphia Municipal Court and Court of Common Pleas of Philadelphia County retain concurrent jurisdiction in landlord/tenant matters.  *See* 42 Pa.C.S. § 1123(b).

[5] Landlord's counsel stated at the petition to open hearing that "the landlord/tenant office won't proceed with a lock-out until the [writ of possession] is served on the tenant."  N.T. Petition to Open Hearing, 5/3/19, at 17.

[6] According to Black's Law Dictionary, "[a]n alias writ is a second writ issued in the same cause, where a former writ of the same kind had been issued

was served on Tenant. On April 23, 2019, Tenant filed an emergency petition to open the judgment and restore possession claiming that "he never received any documentation to appear at court . . . [until] the landlord/tenant officer showed up . . . for a lockout." Tenant's Emergency Petition to Open Default Judgment and Restore Possession, 4/23/19, at 1. Moreover, in his petition, Tenant claimed that at the time he executed the Lease, Tenant had told Landlord that his wife would be coming back and forth to the Premises from San Francisco and that Landlord did not ask Tenant to have his wife sign the Lease. *Id.* at 2. Finally, Tenant alleged in the petition that Landlord was aware that on March 1, 2019, Tenant's in-laws had arrived at the Premises from China to help their daughter, Tenant's wife, "with the pregnancy and birth [of their child] on April 11, 2019." *Id.*

On May 3, 2019, the court held a hearing on Tenant's petition to open. At the conclusion of the hearing, the court denied Tenant's petition, finding: (1) the petition was untimely filed; (2) Tenant lacked a reasonable defense; and (3) Tenant had been served. N.T. Petition to Open Hearing, 5/3/19, at

---

without effect." *Alias Writ*, Black's Law Dictionary, (2nd ed. 1910). **See** Pa.M.R.C.P. 126 (execution and revival of judgments; alias writ of possession issues after unsuccessful issuance of writ of possession); **see also Johnson v. Bullock-Freeman**, 61 A.3d 272 (Pa. Super. 2013).

37.[7] On May 15, 2019, Tenant filed a timely appeal[8] to the Philadelphia Court of Common Pleas from the municipal court's supplementary order. **See** Phila.Civ.R. 1001(a)(3) (designating municipal court's supplementary order denying petition to open as type of final order appealable to court of common pleas). Landlord filed a response to Tenant's appeal claiming that the municipal court correctly determined that Tenant "was served with a notice to vacate, complaint, writ of possession[,] and alias writ at the proper address[,] 2619 South Street #A ENT @ 543 South 27th Street, Philadelphia PA 19146." Landlord's Response to Appeal of Denial of Petition, 4/11/19, at ¶ 5.

On May 17, 2019, Tenant filed an emergency petition in the Court of Common Pleas of Philadelphia to reconsider the municipal court's denial of his petition to open a default judgment. **See** Phila.Civ.R. 1001(f)(2)(i.)(a-c).[9] On

---

[7] The municipal court entered an *ex parte* order, on April 25, 2019, granting Tenant's emergency motion for return of keys to the Premises and permitting him to re-enter the Premises "pending the outcome of the Municipal Court Hearing scheduled for May 3, 2019 at 1:30 p[.]m." *Ex Parte* Order, 4/25/19.

[8] Such appeals from supplementary orders shall be filed "within 30 days after the date of the entry of the order on the dockets of the Municipal Court." **See** Phila.Civ.R. 1001(c)(5). **Cf.** Phila.M.C.R.Civ.P. 124 (appeal to court of common pleas from judgment for possession of real property arising out of residential lease must be filed within 10 days after entry of judgment).

[9] Pursuant to Rule 1001(f)(2):

Within 20 days of filing notice of appeal, an appellant must file a motion with the Office of Judicial Records . . . setting forth the relief requested and shall attach . . . a copy of . . . the Landlord/Tenant Complaint . . . which was filed in the Municipal Court[,] . . . the stenographic record of the proceeding before the Municipal Court . . . and all other documents required to be filed

May 20, 2019, the court denied Tenant's request for emergency relief and ordered the "underlying Petition . . . proceed through the regular court process." *Ex Parte* Order, 5/20/19. **See** Phila.Civ.R. 1001(g)(2) (appeals filed pursuant to Rule 1001(a)(3) "shall proceed as motions . . . [and] shall be limited to a determination by the Court whether the Municipal Court committed an error of law or abused its discretion upon the petition . . . which is the subject of the appeal."). On May 30, 2019, Tenant filed an affidavit of Landlord's process server, William Strykowski, to supplement his emergency motion to reconsider, titling the affidavit as "newly acquired evidence" that was not previously available at the time the municipal court ruled upon his motion to open the default judgment. In the affidavit, Strykowski averred that he "posted a Landlord/Tenant Complaint at 2619 South Street, Phila., Pa.[,] on the front door." Affidavit of William Strykowski, 5/21/19 (attached to Tenant's Praecipe to Add Newly Acquired Evidence, 5/30/19). The trial court denied Tenant's petition and entered the order on the docket on June 21, 2019.

Tenant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Wang presents the followings issues for our consideration:

_____

by Phila[.]Civ[.]R[.] 208.1[,] et seq[,] which is necessary to enable the court to decide the issue presented.

Phila. Civ. R. 1002(f)(2)(i.)(a-c).

(1)    Did the trial court make an error of law by applying the three-part test to Tenant's [p]etition to [o]pen default judgment without addressing overwhelming evidence establishing lack of service, where[:]   (1) the process server's second [a]ffidavit presented to the trial court affirms that he posted the complaint on the street entrance of a different building that is physically unconnected to Tenant's house, and (2) the record evidence show[s] that all other eviction notices—the notice to quit, the notice of default judgment and the writ of possession—were either delivered to the same wrong building, or not deliverable as addressed?

(2)    Was the complaint posted at a nearby[,] but different[,] address?

(3)    Should the default judgment be stricken when the complaint and the notice to quit bear an address that is different from the address of the leased premises, and the [a]ffidavit of [s]ervice fails to establish proper service pursuant to Phila.M.C.R.Civ.P. 111(B)[,] by failing to specify where the complaint was posted as required by Phila.M.C.R.Civ.P. 112(c)?

(4)    In making its ruling, did the trial court rely on a municipal court transcript that had a critical error?

(5)    Did the trial court err in not granting any trial, hearing[,] or fact-finding process[10] to Tenant when[:]   (1) Tenant explicitly requested such by seeking the issuance of a rule returnable to show cause pursuant to Pa.R.C.P. 206.5(b), where a local rule provides for issuance "as of course" as set forth in Pa.R.C.P. 206.6[;] (2) Landlord's answer raised

_____

[10] Unlike appeals from final orders issued by the municipal court in connection with money judgments and Landlord-Tenant orders which "shall be scheduled for a hearing at the Arbitration Center," *see* Phila.Civ.R. 1001(g)(1), appeals filed pursuant to Rule 1001(a)(2) (final orders issued by municipal court in connection with actions to enjoin nuisance) and Rule 1001(a)(3) (supplementary orders granting or denying petition) "shall proceed as motions" and are limited to determination by trial court as to whether "Municipal Court committed an error of law or abused its discretion." Phila.Civ.R. 1001(g)(2).

disputed issues of material fact[;] and (3) Pa.R.C.P.M.D.J. 1007(A)[11] provides that an appeal from the [m]unicipal [c]ourt to the Court of Common Pleas shall be conducted *de novo*?

Appellant's Brief, at 7.

Municipal court "orders granting or denying a petition to open a default judgment . . . are appealable to the Court of Common Pleas, but **the appeal is limited to a review of the record**." Phila.Civ.R. 1001(a)(3) (emphasis added). The appeal is limited to a determination by the court of common pleas as to whether the municipal court committed an error of law or abused its discretion in ruling on the petition or motion which is the subject of the appeal. *Id.* at (g)(2).

In order to open a default judgment, the moving party must satisfy the following requirements: "(1) promptly file[] a petition to open the default judgment, (2) provide[] a reasonable excuse or explanation for failing to file

---

[11] Tenant cites to Pa.R.C.P.M.D.J. 1007(A), a rule of civil procedure governing actions and proceedings before Magisterial District Judges. The current Landlord/Tenant action was commenced in Philadelphia Municipal Court, not Magisterial District Court. *See* 42 Pa.C.S. § 1123(a)(3) ("[T]he Philadelphia Municipal Court shall have jurisdiction of the following matters:  Matters arising under the act of April 6, 1951 (P.S.69, No.20), known as The Landlord and Tenant Act of 1951."). Thus, Rule 1007(A) is inapplicable to the instant matter. In any event, as we have previously stated, an appeal from a municipal court's supplementary order denying a petition to open is limited to a review of the record and is not *de novo* —a significant distinction. *See* Phila.Civ.R. 1001(a)(3). *See also Med. Shoppe v. Wayne Mem'l Hosp.*, 866 A.2d 455 (Pa. Commw. 2005) (difference between *de novo* review and appellate review significant; under *de novo* review reviewing tribunal conducts independent fact-finding proceeding in which new evidence taken and all issues determined anew and under appellate review, reviewing tribunal examines record to determine whether lower tribunal's findings reasonably supported by substantial evidence).

- 8 -

a responsive pleading, and (3) plead[] a meritorious defense to the allegations contained in the complaint." *Myers v. Wells Fargo Bank*, 986 A.2d 171, 175-76 (Pa. Super. 2009). A court cannot open a judgment unless the moving party has established all three of the required criteria. *Id.* at 176. However,

> where the party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors. If valid service has not been made, then the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her. In making this determination, a court can consider facts not before it at the time the judgment was entered.

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 919 (Pa. 1997) (citations omitted). *See also Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 416 A.2d 549, 551 (Pa. Super. 1979) ("Where . . . a defendant asserts that he was never served with the complaint and therefore had no notice of the proceedings against him, . . . a court must determine whether such assertion is true before considering any other factors.").

The basis of Tenant's issues is rooted in his assertion that he was never served with the complaint and related pleadings and notices in the instant matter and was not aware of the underlying lawsuit until "the landlord/tenant officer showed up . . . for lock-out." N.T. Petition to Open Hearing, 5/3/19, at 10. Specifically, Tenant claims that he never received service of the: (1) notice of breach letter addressed to 2619 South Street, Unit A, Philadelphia PA; (2) complaint which was posted on the door at 2619 South Street, Unit A, where he did not reside; (3) default judgment that was mailed to 2619 South Street, Philadelphia; and (4) writ of possession that was posted on the door

- 9 -

of 2619 South Street where he does not reside. Emergency Petition for Reconsideration of Denial to Open Default Judgment, 5/17/19, at ¶¶ 5-6, 10-11, 13-14. Thus, he claims that the municipal court lacked jurisdiction over him to enter the default judgment. *Cintas Corp.*, *supra*.

Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. *Sharp v. Valley Forge Med. Ctr. and Heart Hosp., Inc.*, 221 A.2d 185 (Pa. 1966). Landlord/Tenant complaints for possession may be served by posting the same upon the leased premises by an authorized writ server and mailing a copy to the tenant by first class mail. *See* Phila. M.C.R.Civ.P. 111(B). Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. *U.K. LaSalle, Inc. v. Lawless*, 618 A.2d 447 (Pa. Super. 1992).

Before conducting a substantive review of Tenant's issues, we must first address Tenant's attempt to enter additional evidence into the record to support his argument that he was not served with the complaint. In ruling upon a petition to open, a hearing court "can consider facts not before it at the time judgment was entered." *Mother's Rest, Inc. v. Krystkiewicz*, 861 A.2d 327, 336 (Pa. Super. 2004). However, Tenant's supplemental affidavits and photographs of the Premises and Building were not submitted by Tenant prior to or at the municipal court hearing on his petition to open. In fact, the additional information was not presented to the court until May 30, 2019— 27 days *after* the municipal court's petition to open hearing and ruling and

- 10 -

approximately two weeks *after* Tenant filed his appeal and emergency petition to reconsider in the Court of Common Pleas. Because the trial court's review is **not** *de novo*,[12] but is limited to **a review of the record** on an appeal from a municipal court's order denying a petition to open a default judgment, ***see*** Phila.Civ.R. 1001(a)(3), ***supra***, the trial court was not permitted to consider this supplemental information that was not of record **at the time the court ruled upon Tenant's petition to open**. Rather, the court properly confined its review to the pleadings of record at the time the petition was ruled upon. ***Cf. Mischenko v. Gowton***, 453 A.2d 658 (Pa. Super. 1982) (where deposition of appellee was *made part of record more than six months prior to court ruling* on appellant's petition to open default judgment, lower court erred in concluding deposition irrelevant in deciding petition to open); ***Liquid Carbonic Corp.***, ***supra*** (where appellant submitted petition to open or strike default judgment *on the basis of* affidavits and depositions of appellant's officers and bookkeeper and deputy sheriff who purportedly served complaint on appellant, lower court properly granted petition to open where additional evidence showed appellant not served with complaint).

At the municipal court's petition to open hearing, Susan Matteo, an owner of two units in the Building and property manager for the Building,

---

[12] ***See supra*** n.8. ***Cf.*** Phila.Civ.R. 1001(a)(1) (final orders issued by municipal court, in connection with Landlord/Tenant orders pursuant to 42 Pa.C.S. § 1123(a)(3), are appealable to Court of Common Pleas and proceeding on appeal "shall be conducted *de novo*[.]").

testified that there is only one entrance to the Premises (i.e., Tenant's unit "A") and that that entrance is at 543 South 27th Street. She also testified that an alternate address for the Premises is 2619-25 South Street[13] and that mail for the Premises is delivered to 543 South 27th Street. N.T. Petition to Open Hearing, 5/3/19, at 22-23. Additional testimony from the hearing established that: 2619 South Street, #A, is the legal address to the Premises; 543 South 27th St. is the Premises' mailing address; and there is no entrance to the Premises at 2619 South Street. *Id.* at 13-14, 18-23, 27.

Instantly, Landlord attempted service of and actually posted the complaint at "2619 South Street, #A, Ent. @ 543 South 27th Street." *Id.* at 13. Tenant admitted that the correct address for notice/service purposes is 543 South 27th Street. *Id.* at 30. Every document posted or mailed to Tenant included that address. Moreover, all mail sent to 2619 South Street #A is delivered to 543 South 27th Street.

Accordingly, based on a review of the record, *see* Phila.Civ.R. 101(a)(3), the trial court neither abused its discretion nor committed an error of law in denying Tenant's petition for reconsideration of the municipal court's order denying Tenant's petition to open the default judgment. *Erie Ins. Co.*,

---

[13] The address 2619 through 2625 South Street represents hyphenated-ranged addresses where tax lot consolidations have occurred. *See* *https://www.phila.gov/it/PDF/City%20Addressing%20Standards.pdf* (last visited 8/7/20). However, the only entrance to Tenant's unit is at 543 South 27th Street. N.T. Petition to Open Hearing, 5/3/19, at 27. Moreover, all mail for the Premises is sent to the South 27th Street address. *Id.* at 27-28.

*supra*.  The court found that Tenant received service at 543 South 27th Street.

Thus, the municipal court had jurisdiction to enter a default judgment against

Tenant.[14]   ***Cintas Corp.***, *supra*; ***U.K. LaSalle, Inc., supra***.

      Order affirmed.[15]
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/20

---

[14] Moreover, even if we applied the substantive three-prong test for a petition to open, we would still find that the court properly denied Tenant's petition where:  (1) more than one month passed from the date the municipal court entered the default judgment and the date that Tenant filed his petition to open; (2) Tenant did not provide a reasonable explanation to failing to file an answer to the complaint (when he concedes it was served to proper address); and (3) Tenant failed to plead a meritorious defense to the allegations in the complaint (in fact, admitting unapproved persons were living in the Premises). ***Myers***, *supra*, at n.3.  ***See U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency***, 163 A.3d 1019 (Pa. Super. 2017) (petition to open will be denied if petition fails to satisfy any prong of test).

[15] We also note that this appeal may likely be moot where Tenant is no longer in possession of the Premises and the term of the lease has expired.  ***See American Mut. Liability Ins. Co. v. Zion & Klein, P.A.***, 466 A.2d 679 (Pa. Super. 1983) (appeal moot in landlord/tenant matter, where tenants sought review of judgment in favor of landlord as to possession and damages; once tenant vacated premises no controversy regarding claim of possession exited); ***Wolf v. Long***, 468 A.2d 508 (Pa. Super. 1983) (opinion *per curiam*) (same).  However, it is unclear from the record whether an automatic supersedeas issued after Tenant appealed.  ***See*** Phila.M.C.R.Civ.P. 1008 (Municipal Court Appeals as Supersedeas).